UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY | * | |
|    Plaintiff | * | CIVIL ACTION NO. 2010-00203 |
| | * | |
| VS. | * | JUDGE: LANCE M. AFRICK |
| | * | |
| RESOURCE MANAGEMENT, INC.; | * | MAGISTRATE: DANIEL KNOWLES III |
| MICHAEL ZABALAOUI; | * | |
| D. RANDOLPH WAESCHE; P.K. | * | |
| SCHEERLE; BRUCE BOLYARD; | * | |
| THE BOLYARD CHILDREN'S TRUST; | * | |
| THE BOLYARD FAMILY INSURANCE | * | |
| TRUST; MARGARET CANDON; and | * | |
| BETTY WILSON JEFFREY | * | |
|    Defendants | * | |

### MEMORANDUM IN SUPPORT OF RMI DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

MAY IT PLEASE THE COURT:

Defendants Resource Management, Inc., Michael Zabalaoui and D. Randolph Waesche (collectively, the "RMI Defendants"), respectfully submit this memorandum in support of their Motion to Dismiss or, In the Alternative, to Stay Proceedings.

As set forth below, Plaintiff and all defendants are parties to a direct action in state court, which joins all issues between and amongst the claimants, insureds, and carriers in a single proceeding. The Plaintiff, Evanston Insurance Company (the "Carrier"), has specifically raised the coverage defenses asserted here in the state court proceeding. The state court direct action provides an opportunity for the resolution of all claims at issue in this declaratory action, and it is unnecessary to decide insurance coverage issues in federal

court when the state court can completely dispose of the entire matter, including the underlying substantive issues and coverage issues.  Thus, for reasons of judicial economy and under well-established case law, this Court should dismiss this action, or in the alternative, stay the proceedings.

## I.   <u>BACKGROUND</u>

Judith Zabalaoui is a former financial advisor who has admitted to defrauding her clients.  She has pled guilty, and no one is disputing her culpability.  Since Ms. Zabalaoui is in all likelihood judgment proof, some of her former clients have filed suit seeking to hold others responsible for her actions.  This suit involves insurance coverage issues arising out of one of those lawsuits.

Judith Zabalaoui founded RMI (or a predecessor company) in the 1970s.  RMI was originally a registered broker-dealer.   In the mid-1980s, RMI became a Registered Investment Advisor.  In both instances, Ms. Zabalaoui provided advice to clients regarding investments and business matters.  Defendant Randy Waesche joined RMI in approximately 1977.  Defendant Michael Zabalaoui, the son of Ms. Zabalaoui, joined the firm in 1984.  In the early 1990s, Judith Zabalaoui ceased acting as an investment advisor for RMI.  Shortly thereafter, she set up her own business office on Ridgelake Drive in Metairie, Louisiana. Later, in most cases over a decade later, she proceeded to defraud some of her clients.

In the wake of the public disclosure of Ms. Zabalaoui's wrongdoing in 2008, a number of lawsuits were filed by her former clients, including one filed by Patricia K. Scheerle and others (the "*Scheerle* Lawsuit")[1] and one filed by Betty Wilson Jeffries (the "*Wilson* Lawsuit").[2]  The RMI Defendants are named as defendants in both suits.

_____

[1]      *See* Exhibit ("Exh.") A to Motion to Dismiss, Affidavit of George Denegre, at ¶¶ 4-5, stating that he is counsel of record for the RMI Defendants in the *Scheerle* Lawsuit and that the pleadings

930433_1.Docx

The Carrier provided financial advisors professional liability insurance protection to the RMI Defendants. It issued a policy with a limit of liability of $1,000,000 per claim and $2,000,000 in the aggregate.[3] The RMI Defendants immediately notified the Carrier of the suits, who, in both cases, ultimately agreed to provide a defense, but reserved coverage defenses. In this lawsuit, the Carrier seeks a declaration with respect to the previously-reserved coverage defenses.[4]

In the *Scheerle* Lawsuit,[5] the plaintiffs have sued Judith Zabalaoui, Nash Zabalaoui (her husband), Stephen Cowan (her brother), Citigroup Global Markets, Inc. (Mr. Cowan's firm), Omni Bancshares, Inc. (where Ms. Zabalaoui held accounts), Charles Schwab & Co. (where Ms. Zabalaoui's defrauded clients held their accounts), Tamara Riley (Ms. Zabalaoui's assistant), the RMI Defendants, the Carrier and other unnamed insurance companies. The *Scheerle* plaintiffs allege that Ms. Zabalaoui sold them shares in non-existent companies and wired money out of their Charles Schwab accounts into accounts at Omni Bank that she controlled.[6] The *Scheerle* plaintiffs do not contend that the RMI Defendants (or most of the other defendants for that matter) were actually aware of Judith Zabalaoui's fraud or participated in it knowingly. Rather, in each instance, the *Scheerle*

---

attached as Exhibits 1 through 6 thereto are true and correct copies of pleadings filed in that suit and served upon him as counsel of record). (References to exhibits herein are to Exhibit A to the Motion to Dismiss, Affidavit of George Denegre, and to Exhibits 1 through 6 which are attached thereto.) The *Scheerle* Lawsuit was filed in state court in both Orleans and Jefferson Parish. *See* original Petitions filed in *P.K. Scheerle, et al. v. Judith Zabalaoui, et al.,* No. 08-12562, Civil District Court, Parish of Orleans, and *P.K. Scheerle, et al. v. Judith Zabalaoui, et al.,* No. 667443, 24th Judicial District Court, Parish of Jefferson. Exh. 1 (*in globo*).

[2]   After this suit was filed, the *Wilson* Lawsuit settled.

[3]   Complaint, Doc. 1, at ¶ 9.

[4]   *See id.* at ¶ 12 and prayer for relief.

[5]   *See* Exh. 1 (*in globo*).

[6]   *See id.*

plaintiffs allege that through the violation of some duty, these defendants contributed to plaintiffs' losses.   The *Scheerle* plaintiffs seek damages in an amount exceeding $4,000,000.[7]

The original *Scheerle* Petition was filed on December 8, 2008.[8]  Paragraph 38 of the original Petition provides as follows:

> ABC Insurance Company insures Omni Bank for the breach of the duties outlined above.  XYZ Insurance Company insures Resource Management for the breach of the duties outlined above.  It is obligated to the Plaintiffs under the Louisiana Direct Action Statute.

The *Scheerle* plaintiffs filed a First Amended and Supplemental Petition on January 23, 2009[9] and a Second Amended and Supplemental Petition on February 23, 2009.[10]  On May 6, 2009, the *Scheerle* plaintiffs filed a Motion to Amend Petition.[11]  The court granted leave and the Third Amended and Supplemental Petition was filed on May 12, 2009.[12]   On February 4, 2010, the *Scheerle* plaintiffs filed a Motion to Amend Petition to, among other things, add the Carrier (Evanston Insurance Company).[13]  The court granted leave and the Fourth Amended and Supplemental Petition was filed on February 12, 2010, adding the

---

[7]   *See* Second Amended and Supplemental Petitions filed in the *Scheerle* Lawsuit.  Exh. 3 (*in globo*) at ¶ 1.

[8]   Exh. 1 (*in globo*).

[9]   *See* First Amended and Supplemental Petitions filed in the *Scheerle* Lawsuit.  Exh. 2 (*in globo*).

[10]   *See* Exh. 3 (*in globo*).

[11]   *See* Motions to Amend Petition, with Corresponding Orders and Third Amended Supplemental Petitions, filed in the *Scheerle* Lawsuit.  Exh. 4 (*in globo*).

[12]   *See* Orders granting Motion to Amend Petition (Third Amended Petition) filed in the *Scheerle* Lawsuit, attached as part of Exh. 4 (*in globo*).

[13]   *See* Motions to Amend Petitions, with corresponding Orders and Fourth Amended and Supplemental Petitions, filed in the *Scheerle* Lawsuit.  Exh. 5 (*in globo*).

930433_1.Docx

Carrier (Evanston Insurance Company) as a defendant.[14]   Paragraph 16(A) of the Petition now provides as follows:

> Evanston Insurance Company provided liability insurance to Resource Management, Inc. and its principals.   Further, the insurance that Evanston Insurance Company issued to Resource Management, Inc. provides coverage for damages caused to Plaintiffs caused by the acts and omissions of Resource Management, Inc. and its principals.

The instant lawsuit was filed by the Carrier on January 28, 2010 – over a year after it was named as the unidentified XYZ Insurance Company in the *Scheerle* plaintiffs' original Petition.   Evanston did not request a waiver of service from the RMI Defendants until July 26, 2010, long after it was specifically named as a defendant in the state court lawsuit.[15]

The Carrier filed its answer in the *Scheerle* Lawsuit on April 13, 2010.[16]   In its answer to the state court suit, it raised precisely the same coverage defenses that it seeks to have this Court adjudicate.   The Carrier raised eighteen affirmative defenses related to coverage, including the following defense:

> The Policy affords limits of $1,000,000 each claim and $2,000,000 in the aggregate, subject to a $10,000 loss and expense combined deductible.   Any recovery from Evanston, the entitlement to which is expressly denied, must be limited as set forth in the Policy.[17]

Similarly, in this lawsuit, the Carrier has raised one primary defense to coverage:  that the alleged Wrongful Acts at issue in the *Scheerle* and *Wilson* cases constitute a single

---

[14]   *See* Orders granting Motion to Amend Petition (Fourth Amended Petition) filed in the *Scheerle* Lawsuit, attached as part of Exh. 5 (*in globo*).

[15]   *See* Doc. Nos. 8-10.

[16]   The Carrier filed its Answer only in the *Scheerle* Lawsuit in Jefferson Parish.  *See* Evanston Insurance Company's Exception, Answer, and Affirmative Defenses to Plaintiffs' Original Petition, First Amended and Supplemental Petition, Second Amended and Supplemental Petition, Third Amended Supplemental Petition, and Fourth Amended and Supplemental Petition. Exh. 6.

[17]   *Id.* at pp. 4-5 (Third Defense).

Wrongful Act or, at most, Interrelated Wrongful Acts, and therefore there is only $1,000,000, rather than $2,000,000, of insurance coverage available for the plaintiffs in both lawsuits.[18]   The Carrier also alleges that it "reserves its rights to assert all additional coverage issues."[19]   Since the issues that the Carrier has raised in this lawsuit are currently pending in state court, there is no reason to have them adjudicated in this Court.

## II.   <u>LAW AND ARGUMENT</u>

Because the direct action joins all issues between and amongst the claimants, insureds, and carriers in a single proceeding, there is no reason for the carriers' ancillary declaratory judgment action to proceed.  For reasons of judicial economy and under well-established case law, this Court should dismiss this action, or in the alternative, stay the proceedings.

As the Supreme Court recognized in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-283 (1995):

> [O]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties... The question for a district court presented with a suit under the Declaratory Judgment Act... is "whether the questions in controversy between the parties to the federal suit... can better be settled in the proceeding pending in the state court..."
>
> . . . .
>
> [W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference'... if it permitted the federal declaratory action to proceed.

---

[18]   Complaint for Declaratory Judgment, Doc. 1, at ¶ 11.

[19]   *Id.* at ¶ 13.

(quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942) (citations omitted)).   As the Fifth Circuit explained in *Magnolia Marine Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992), "[f]undamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort." (quoting *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973), *citing Brillhart*, 316 U.S. 491)).   The court should consider denying declaratory relief if the claims of all parties can satisfactorily be adjudicated in the state court proceeding.   *Id.* (citing *Brillhart*, 316 U.S. at 495).

Following *Wilton* and *Brillhart*, courts routinely dismiss or stay ancillary declaratory judgment actions such as the instant Complaint filed by the Carrier once the carrier is joined to a "direct action" suit under La. R.S. § 22:655.   *See, e.g., Magnolia*, 964 F.2d at 1581-82 (holding that the district court abused its discretion by refusing to dismiss or stay insured's declaratory judgment action once carrier was joined in direct action); *Colony Ins. Co. v. Wanda's Kid's World, Inc.*, No. 09-441, 2010 WL 2349671 (M.D.La. June 9, 2010) (dismissing an insurer's declaratory action because of concurrent litigation in state court involving the insured and the same legal issues); *Landmark American Ins. Co. v. Cat and Dog, Inc.*, No. 09-7496, 2010 WL 3398890 (E.D.La. Aug. 24, 2010) (same); *Hanover Ins. Co. v. Latter & Blum Prop. Mgmt., Inc.*, No. 08-777, 2008 WL 2067060 (E.D.La. May 14, 2008) (same); *Unionamerica Ins. Co, Ltd. v. Benson Environmental Service & Tech., Inc.* No. 99-0864, 1999 WL 447084 (E.D.La. June 25, 1999) (granting a stay pending resolution of the state court action); *cf. Travelers Ins. Co. v. La. Farm Bureau Fed.*, 996 F.2d 774 (5th Cir. 1993) (giving the six factors a district court should

-7-

apply when deciding to dismiss a declaratory judgment). *Unionameria*, 1999 WL 447084, decided by then district Judge Clement, provides a good example of the courts' dismissal or stay of an ancillary declaratory judgment action in this type of situation.

In *Unionamerica*, a state court action was brought against several defendants for property damage and pollution related to an oil pipeline. 1999 WL 447084, *1. Unionamerica was the commercial insurance carrier for one of the defendants, Benson. *Id.* While not named as a party in the original state court action, Unionamerica received notice of the suit after the suit was filed and agreed to provide the insured a defense, but reserved its right to deny coverage and indicated that there were potential coverage issues. *Id.* Several months later, Unionamerica filed a federal declaratory judgment action seeking a declaration that the policy issued to the insured did not afford coverage in the underlying state court action and that it had no duty to provide the insured with a defense of the underlying state claim. *Id.* The insured filed a motion to dismiss or stay the declaratory action, and the action was dismissed when Unionamerica failed to oppose the motion. *Id.* at *2. Unionamerica filed a motion for reconsideration and an opposition, and the court granted the motion, staying the declaratory action proceedings pending resolution of the state court claim. *Id.* at *2-5.

Citing *Wilton*, 515 U.S. 277, Judge Clement noted that where a state court suit is pending in which the same issues are presented, and the suit is between the same parties, the grant of a dismissal or stay "avoids the delay and expenses which result from duplicative proceedings and forum shopping by the parties." *Id.* at *2. In *Unionamerica*, there were pending state court proceedings to which the insured and the carrier were both parties. *Id.* at *5. Further, the state court action involved not only the

-8-

underlying liability issue, but also the coverage and defense issues presented in the declaratory judgment action. Id. at *5. Therefore, the state court action provided an opportunity for resolution of all claims surrounding the underlying liability issue. The court held that "judicial economy [would] be best served if all claims [were] heard in a single proceeding." *Id.* Because the state court would address similar issues, "it would [] be uneconomical to have [the federal] court render a decision duplicative in nature, and to force both parties to litigate in two different forums at the same time." *Id.* Thus, the court declined to exercise jurisdiction over the declaratory judgment action and stayed the proceeding until resolution of the state court action.

As in *Unionamerica,* in this case, the direct action pending in state court provides an opportunity for the resolution of the claims at issue in the declaratory action. All of the parties to the declaratory judgment action are parties to the direct action. The issues that the Carrier has raised in this lawsuit are currently pending in the direct action in state court. Indeed, the direct action joins all issues between and amongst the claimants, insureds, and carriers in a single proceeding. It is absolutely unnecessary to decide coverage in federal court when the state court can completely dispose of the entire matter. The interests of judicial economy will be best served by the dismissal or stay of the declaratory judgment action. *See, e.g., Unionamerica,* 1999 WL 447084, *5.

## III.   **CONCLUSION**

For the reasons stated herein, the RMI Defendants respectfully request that the Court grant their Motion to Dismiss or, In the Alternative, to Stay Proceedings.

930433_1.Docx

Respectfully submitted,

/s/ George Denegre, Jr.
George Denegre, Jr. (Bar No. 8387)
James A. Brown (Bar No. 14101)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:   (504) 556-4108

**Attorneys for Resource Management, Inc.,
Michael Zabalaoui, D. Randolph Waesche**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of December, 2010, I electronically filed the forgoing document with the Clerk of Court by using the CM/ECF system, and a copy of the foregoing pleading has been electronically mailed to all attorneys of record.

/s/ George Denegre, Jr.

-10-

930433_1.Docx