UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY | * | |
|     Plaintiff | * | CIVIL ACTION NO. 2010-00203 |
| | * | |
| VS. | * | JUDGE: LANCE M. AFRICK |
| | * | |
| RESOURCE MANAGEMENT, INC.; | * | MAGISTRATE: DANIEL KNOWLES III |
| MICHAEL ZABALAOUI; | * | |
| D. RANDOLPH WAESCHE; P.K. | * | |
| SCHEERLE; BRUCE BOLYARD; | * | |
| THE BOLYARD CHILDREN'S TRUST; | * | |
| THE BOLYARD FAMILY INSURANCE | * | |
| TRUST; MARGARET CANDON; and | * | |
| BETTY WILSON JEFFREY | * | |
|     Defendants | * | |

## AFFIDAVIT OF GEORGE DENEGRE, JR.

STATE OF LOUISIANA

PARISH OF ORLEANS

    BEFORE ME, the undersigned Notary, duly commissioned and qualified in and for the above County and State, on this day personally came and appeared, George Denegre, Jr., who after being duly sworn did depose and state under oath as follows:

1.

    My name is George Denegre, Jr. I am a shareholder of the law firm of Liskow & Lewis. My office is located at One Shell Square, 701 Poydras Street, Suite 5000, New Orleans, Louisiana.

959,825



**EXHIBIT**
A

2.

The matters set forth herein are within my personal knowledge and are true and correct.

3.

I submit this Affidavit in support of the RMI Defendants' Motion to Dismiss, or, in the Alternative, to Stay Proceedings.

4.

I am counsel of record for Defendants Resource Management, Inc., Michael Zabalaoui and D. Randolph Waesche (the "RMI Defendants") in the above-referenced matter as well as in *P.K. Scheerle, et al. v. Judith Zabalaoui, et al.*, No. 08-12562, Civil District Court, Parish of Orleans, and *P.K. Scheerle, et al. v. Judith Zabalaoui, et al.,* No. 667443, 24th Judicial District Court, Parish of Jefferson (collectively, the "*Scheerle* Lawsuit").

5.

The Pleadings which are attached as Exhibits 1 through 6 to hereto are true and correct copies of pleadings filed in the *Scheerle* Lawsuit which were served upon me as counsel of record in the *Scheerle* Lawsuit, to-wit:

Exhibit 1 (*in globo*): Original Petitions filed in the *Scheerle* Lawsuit (*P.K. Scheerle, et al. v. Judith Zabalaoui, et al.*, No. 08-12562, Civil District Court, Parish of Orleans, and *P.K. Scheerle, et al. v. Judith Zabalaoui, et al.,* No. 667443, 24th Judicial District Court, Parish of Jefferson)

Exhibit 2 (*in globo*)  First Amended and Supplemental Petitions filed in the *Scheerle* Lawsuit

Exhibit 3 (*in globo*)  Second Amended and Supplemental Petitions filed the *Scheerle* Lawsuit

Exhibit 4 (*in globo*)  Motions to Amend Petition, with corresponding Orders and Third Amended and Supplemental Petitions, filed in the *Scheerle* Lawsuit

-2-

Exhibit 5 (*in globo*)   Motions to Amend Petitions, with corresponding Orders and Fourth Amended and Supplemental Petitions, filed in the *Scheerle* Lawsuit

Exhibit 6   Evanston Insurance Company's Exception, Answer, and Affirmative Defenses to Plaintiffs' Original Petition, First Amended and Supplemental Petition, Second Amended and Supplemental Petition, Third Amended Supplemental Petition, and Fourth Amended and Supplemental Petition filed in the *Scheerle* Lawsuit in Jefferson Parish

GEORGE DENEGRE, JR.

Sworn to and subscribed before me
this 21 day of December, 2010.

MATTHEW D. SIMONE
Notary Public
Notary ID No. 90182
NOTARY PUBLIC Parish, Louisiana

My Commission expires:

for life

959,825

SECTION 7

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: *08 - 12562*

DIVISION:

P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST,
AND MARGARET CANDON

F I L E D

DEC - 8 2008

DEPUTY CLERK
CIVIL DISTRICT COURT

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY

FILED:_____                    _____

DEPUTY CLERK

## PETITION

The Petition of P. K. Scheerle, Bruce Bolyard, the Bolyard Children's Trust, the Bolyard

Family Insurance Trust and Margaret Candon states as follows:

1.

The Plaintiffs were the victims of an elaborate, long-running scam perpetuated by Judith

Zabalaoui with the assistance of the other defendants named herein. In total, the Plaintiffs have

suffered direct losses of at least $3 million and likely more than that.

2.

The Plaintiffs are residents of Orleans Parish. The Plaintiffs have contracts with some of

the Defendants that were executed in Orleans Parish. Some of the acts and events giving rise to

the claims in this case occurred in Orleans Parish and the damages were sustained in Orleans

Parish.

3.

The events which form the subject matter of this suit occurred over many years, but are

all closely related and are part of one long and continuous scheme. As a result, the Plaintiffs and

Defendants are all properly joined herein and the claims are properly heard together.

DEC 1 5 2008

- 1 -

246538v.1

EXHIBIT
1
*(in globo)*

4.

One of the signal features of the underlying scheme is that it was designed to be secret and remained secret for an extended period. Although the general outline of it is clear, additional details will only become known as discovery and investigation proceed. Much of the evidence is currently in the control of the Defendants.

5.

The Defendants in this case are:

a) Judith Zabalaoui, currently a resident of Alabama, but formerly a resident of Jefferson Parish with business and home addresses in Jefferson Parish;

b) Nash Zabalaoui, currently also a resident of Alabama, but formerly a resident of Jefferson Parish;

c) Michael Zabalaoui, a resident of Jefferson Parish with a business office in Jefferson Parish;

d) Steven E. Cowan, a resident of Alabama with a business office in Alabama;

e) Citigroup Global Markets, Inc, a New York corporation with a principal business office in New York and a Louisiana primary business establishment in Orleans Parish;

f) Resource Management, Inc., a Louisiana corporation with its principal place of business in Jefferson Parish;

g) Randolph Waesche, a resident of Jefferson Parish with a business office in Jefferson Parish;

h) Omni Bancshares, Inc. ("Omni Bank"), a federally chartered banking institution with a principal office in Jefferson Parish;

i) Charles Schwab & Co., Inc., a Delaware corporation with a principal place of business in California and a Louisiana principal business establishment in Orleans Parish;

j) Tamara Riley, a resident of Alabama;

k) ABC Insurance Company, a foreign insurer located in a foreign state insuring Omni Bank;

l) XYZ Insurance Company, a foreign insurer located in a foreign state insuring Resource Management, Inc.

6.

Federal authorities are conducting a criminal investigation of the scheme described below.

7.

Judith Zabalaoui has been engaging in dishonest activity in her role as a financial planner for more than 20 years.

- 2 -

8.

In the 1980s and 1990s, she was affiliated with Resource Management, Inc. and its co-principals, Randolph Waesche and Michael Zabalaoui.

9.

In the 1980s, Judith Zabalaoui, Michael Zabalaoui and Randolph Waesche represented themselves to be "fee only" financial planners.

10.

The stated idea here was that only if customers paid for advice and the advisors were therefore free from the conflict inherent in recommending products they were compensated to sell, could the customers receive appropriately independent advice about how to structure their financial affairs and purchase financial products appropriate for their needs.

11.

Unfortunately, the purported freedom from financial self-interest promised by Resource Management was a dishonest premise.  The three of them, the two Zabalaouis and Waesche knew that they were not functioning "fee only" advisors.  They were instead secretly receiving compensation from the companies whose products they were selling.  Each of them knew what they were doing was dishonest, but they did it anyway to make money for themselves.  They mostly got away with it.

12.

All of them owed fiduciary and other legal duties to the Plaintiffs who were their customers.  That duty included the continuing obligation to put the customers' interests ahead of their own, to deal with the customers with absolute candor and completeness and to protect the customers' interests even at the expense of their own.

13.

Those obligations included the continuing obligation to disclose to the Plaintiffs, who were their customers, that Mrs. Zabalaoui was dishonest and that she had actively pursued dishonest schemes to further her financial self-interest in connection with her purportedly independent "fee only" advice.

- 3 -

14.

Customers had complained about this dishonest activity and in some cases made formal claims, but Waesche and Michael Zabalaoui kept that important information secret from their other customers.

15.

Ultimately, Mrs. Zabalaoui left Resource Management and her confederacy with Mr. Michael Zabalaoui and Mr. Waesche and took certain clients with her.  At this juncture, they made no effort, as they were obligated to do, to disclose what they knew or to warn these customers of what they knew at the time, that Mrs. Zabalaoui was dishonest and, therefore, obviously unsuitable as a fiduciary to handle their money.  If they had disclosed what they knew, none of the losses would have occurred.

16.

Later, they found out about even more of Mrs. Zabalaoui's dishonest activities, but nonetheless discussed working in partnership with Mrs. Zabalaoui for the Plaintiffs.  They still did not give even a hint of what they knew about her dishonesty.  She continued to be an owner of Resource Management even after she had moved out of their offices.

17.

Mrs. Zabalaoui had a large number of customers.  She was routinely stealing from them, ultimately stealing many millions of dollars that she spent herself.

18.

She was doing this with the active assistance of the Defendants who were aiding and abetting her fraud.  Their activities meet the legal requirements for them to be deemed civil conspirators, aiders and abettors, co-tortfeasors and solidary obligors.

19.

Many of her clients, including many of the Plaintiffs, had accounts at Charles Schwab. This amounted to likely over 50 accounts containing many millions of dollars over a period of many, many years.  As a result, Schwab owed legal duties, including contractual duties, fiduciary duties, duties under the state securities laws and general duties to them.

- 4 -

20.

She obtained powers of attorney from her clients and used these documents to transfer money out of the Schwab accounts to at least four accounts she controlled at Omni Bank. She then simply cashed checks at the bank or otherwise paid the money to herself.

21.

Schwab has internal rules and procedures related to the use of such powers of attorney that are designed to protect clients against advisors who want to steal their money. These procedures were not followed in this case, but if they had been, the losses would have been avoided or mitigated.

22.

Schwab had a local office formerly located in Metairie and currently located in New Orleans. Mrs. Zabalaoui was well-known there and the personnel there were in a position to observe what was an alarming pattern of wire transfers to accounts Mrs. Zabalaoui controlled at the Omni Bank. In particular, she was using powers of attorney to routinely wire monies to accounts named Bolyard Children's Trust, Bolyard Insurance Trust, Baines Bailey Space and Direct, Inc. and Paragon, Inc. Although this should have seemed odd and incited further inquiry, especially because Schwab personnel could see that one Schwab client's money was being wired to another Schwab client's banking account, no one ever called the actual Schwab customers to inquire as to whether this was appropriate.

23.

Schwab also solely permitted account statements to be directed solely to Mrs. Zabalaoui based on a signature stamp for periods in which this wiring activity was occurring.

24.

Schwab is supposed to know its customers and to take reasonable steps to monitor its accounts for money laundering activity. In this case, however, Schwab personnel willfully and negligently ignored obvious red flags and obvious patterns of activity that should have excited inquiry.

25.

Schwab, because it could see the patterns of activity in all accounts that Mrs. Zabalaoui was supervising, was in a good position to see what was going on and prevent it.

246538v.1

26.

Omni Bank also played a large role in this scheme.

27.

Omni is a federally chartered bank.  It is required to monitor activity in its accounts to determine if money laundering or other illegal or irregular activity is occurring.

28.

Some of the Plaintiffs had accounts at Omni.  Omni owes legal duties to the Plaintiffs, including contractual duties, fiduciary duties, duties under federal and state securities laws and general duties.

29.

Mrs. Zabalaoui maintained at least six accounts at Omni over which she had signing authority.  She was well-known to personnel at the Bank.  She often went to the Bank to cash checks from these accounts.  The Bank often made up counter checks for these accounts at her request, which she made out to herself or to cash and cashed.

30.

The accounts were titled Baines Bailey Space and Direct, Inc., Bolyard Children's Trust, Bolyard Family Insurance Trust, Paragon, Inc., Judith Zabalaoui Certified Financial Planner, and Live Oak.

31.

Baines Bailey Space was a purported Louisiana corporation.  According to the Secretary of State website, it had not been a valid corporation since at least 2002.  It had no valid ongoing business purpose.  It was used as Mrs. Zabalaoui's personal account.  Millions of dollars was wired by Schwab into this account over several years.  Mrs. Zabalaoui often wrote checks to her or to cash out of this account and cashed them at the Bank.  Nash Zabalaoui also had signatory authority over this account.  She also routinely paid what were obviously personal expenses out of this account.  She also transferred money to and from other accounts to and from this account.  Personnel at the Bank knew all of this, but did nothing.

32.

Paragon, Inc was also a purported Louisiana Corporation.  It had not been a valid Louisiana Corporation since at least 2003.  It had no valid business purpose either.

- 6 -

33.

The Bolyard Family Insurance Trust was, on its face, an account over which Mrs. Zabalaoui was a trustee and which had as its purpose insurance for the Bolyard Family. Yet Mrs. Zabalaoui wired monies into this account from various non-Bolyard Schwab accounts. She transferred money to and from this account to other Omni non-Bolyard accounts. She wrote checks to herself and to cash and cashed them at the Bank. The account statements were sent to her office.

34.

The Bolyard Children's Trust was, on its face, an account over which Mrs. Zabalaoui was a trustee and which obviously was not for Mrs. Zabalaoui's personal benefit. Yet Mrs. Zabalaoui wired monies into this account from non-Bolyard accounts at Schwab, and Omni issued her numerous counter checks which she wrote to herself and cash and cashed at the Bank. She transferred monies from this account to and from other non-Bolyard accounts. The account statements were sent to her office.

35.

A bank that is behaving with reasonable care and is observing its contractual duties of workmanlike, reasonable performance and is undertaking its duty to discover and react to red flags and act to discover money laundering and theft would have discovered and addressed this pattern of suspicious and likely criminal activity. It owed a duty to notify the Plaintiffs of this banking activity.

36.

There are other indicia of fraud that will emerge during the discovery in this case.

37.

Steven E. Cowan was employed by Citigroup Smith Barney. He is Mrs. Zabalaoui's brother. He and Citigroup Smith Barney were brokers to some of the Plaintiffs. He and his employer owed some of the Plaintiffs duties, including contractual duties, fiduciary duties, duties under state securities laws and general duties. He knew or should have known of the fraudulent activities but took no steps to notify the Plaintiffs of them.

38.

ABC Insurance Company insures Omni Bank for the breach of the duties outlined above.

XYZ Insurance Company insures Resource Management for the breach of the duties outlined

above. It is obligated to the Plaintiffs under the Louisiana Direct Action Statute.

39.

Tamara Riley was Mrs. Zabalaoui's assistant and accomplice. She knew or should have

known of the improper and illegal activity. She is a co-conspirator, co-tortfeasor and aider and

abettor in the improper activity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that after all due proceedings had, they be awarded the

following:

(1)     All of the damages (as discussed more fully in the First through Fifth Course of

        Action) resulting from the conduct and transactions outlined above;

(2)     Attorneys' fees, costs and other expenses;

(3)     Both pre-judgment and post-judgment interest;

(4)     All costs; and

(5)     All other sums they are entitled to at law or equity.

Respectfully submitted,

_____

JAMES R. SWANSON, 18455
JOSEPH C. PEIFFER, #26459
FISHMAN HAYGOOD PHELPS
  WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170-4600
Telephone:  (504) 586-5252
Attorneys for Plaintiffs

**PLEASE HOLD SERVICE**

- 8 -

246538v.1

12/8/08

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO:                                                              DIVISION:   C

66 7443      P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST,
AND MARGARET CANDON

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY

FILED:_____     _____
                                                                    DEPUTY CLERK

## PETITION

The Petition of P. K. Scheerle, Bruce Bolyard, the Bolyard Children's Trust, the Bolyard

Family Insurance Trust and Margaret Candon states as follows:

1.

The Plaintiffs were the victims of an elaborate, long-running scam perpetuated by Judith

Zabalaoui with the assistance of the other defendants named herein.  In total, the Plaintiffs have

suffered direct losses of at least $3 million and likely more than that.

2.

The Plaintiffs are residents of Orleans Parish.  The Plaintiffs have contracts with some of

the Defendants that were executed in Orleans Parish.  Some of the acts and events giving rise to

the claims in this case occurred in Orleans Parish and the damages were sustained in Orleans

Parish.

3.

The events which form the subject matter of this suit occurred over many years, but are

all closely related and are part of one long and continuous scheme.  As a result, the Plaintiffs and

Defendants are all properly joined herein and the claims are properly heard together.

- 1 -

246666v.1

4.

One of the signal features of the underlying scheme is that it was designed to be secret and remained secret for an extended period. Although the general outline of it is clear, additional details will only become known as discovery and investigation proceed. Much of the evidence is currently in the control of the Defendants.

5.

The Defendants in this case are:

a) Judith Zabalaoui, currently a resident of Alabama, but formerly a resident of Jefferson Parish with business and home addresses in Jefferson Parish;

b) Nash Zabalaoui, currently also a resident of Alabama, but formerly a resident of Jefferson Parish;

c) Michael Zabalaoui, a resident of Jefferson Parish with a business office in Jefferson Parish;

d) Steven E. Cowan, a resident of Alabama with a business office in Alabama;

e) Citigroup Global Markets, Inc, a New York corporation with a principal business office in New York and a Louisiana primary business establishment in Orleans Parish;

f) Resource Management, Inc., a Louisiana corporation with its principal place of business in Jefferson Parish;

g) Randolph Waesche, a resident of Jefferson Parish with a business office in Jefferson Parish;

h) Omni Bancshares, Inc. ("Omni Bank"), a federally chartered banking institution with a principal office in Jefferson Parish;

i) Charles Schwab & Co., Inc., a Delaware corporation with a principal place of business in California and a Louisiana principal business establishment in Orleans Parish;

j) Tamara Riley, a resident of Alabama;

k) ABC Insurance Company, a foreign insurer located in a foreign state insuring Omni Bank;

l) XYZ Insurance Company, a foreign insurer located in a foreign state insuring Resource Management, Inc.

6.

Federal authorities are conducting a criminal investigation of the scheme described below.

7.

Judith Zabalaoui has been engaging in dishonest activity in her role as a financial planner for more than 20 years.

246666v.1

8.

In the 1980s and 1990s, she was affiliated with Resource Management, Inc. and its co-principals, Randolph Waesche and Michael Zabalaoui.

9.

In the 1980s, Judith Zabalaoui, Michael Zabalaoui and Randolph Waesche represented themselves to be "fee only" financial planners.

10.

The stated idea here was that only if customers paid for advice and the advisors were therefore free from the conflict inherent in recommending products they were compensated to sell, could the customers receive appropriately independent advice about how to structure their financial affairs and purchase financial products appropriate for their needs.

11.

Unfortunately, the purported freedom from financial self-interest promised by Resource Management was a dishonest premise. The three of them, the two Zabalaouis and Waesche knew that they were not functioning "fee only" advisors. They were instead secretly receiving compensation from the companies whose products they were selling. Each of them knew what they were doing was dishonest, but they did it anyway to make money for themselves. They mostly got away with it.

12.

All of them owed fiduciary and other legal duties to the Plaintiffs who were their customers. That duty included the continuing obligation to put the customers' interests ahead of their own, to deal with the customers with absolute candor and completeness and to protect the customers' interests even at the expense of their own.

13.

Those obligations included the continuing obligation to disclose to the Plaintiffs, who were their customers, that Mrs. Zabalaoui was dishonest and that she had actively pursued dishonest schemes to further her financial self-interest in connection with her purportedly independent "fee only" advice.

- 3 -

14.

Customers had complained about this dishonest activity and in some cases made formal claims, but Waesche and Michael Zabalaoui kept that important information secret from their other customers.

15.

Ultimately, Mrs. Zabalaoui left Resource Management and her confederacy with Mr. Michael Zabalaoui and Mr. Waesche and took certain clients with her. At this juncture, they made no effort, as they were obligated to do, to disclose what they knew or to warn these customers of what they knew at the time, that Mrs. Zabalaoui was dishonest and, therefore, obviously unsuitable as a fiduciary to handle their money. If they had disclosed what they knew, none of the losses would have occurred.

16.

Later, they found out about even more of Mrs. Zabalaoui's dishonest activities, but nonetheless discussed working in partnership with Mrs. Zabalaoui for the Plaintiffs. They still did not give even a hint of what they knew about her dishonesty. She continued to be an owner of Resource Management even after she had moved out of their offices.

17.

Mrs. Zabalaoui had a large number of customers. She was routinely stealing from them, ultimately stealing many millions of dollars that she spent herself.

18.

She was doing this with the active assistance of the Defendants who were aiding and abetting her fraud. Their activities meet the legal requirements for them to be deemed civil conspirators, aiders and abettors, co-tortfeasors and solidary obligors.

19.

Many of her clients, including many of the Plaintiffs, had accounts at Charles Schwab. This amounted to likely over 50 accounts containing many millions of dollars over a period of many, many years. As a result, Schwab owed legal duties, including contractual duties, fiduciary duties, duties under the state securities laws and general duties to them.

20.

She obtained powers of attorney from her clients and used these documents to transfer money out of the Schwab accounts to at least four accounts she controlled at Omni Bank. She then simply cashed checks at the bank or otherwise paid the money to herself.

21.

Schwab has internal rules and procedures related to the use of such powers of attorney that are designed to protect clients against advisors who want to steal their money. These procedures were not followed in this case, but if they had been, the losses would have been avoided or mitigated.

22.

Schwab had a local office formerly located in Metairie and currently located in New Orleans. Mrs. Zabalaoui was well-known there and the personnel there were in a position to observe what was an alarming pattern of wire transfers to accounts Mrs. Zabalaoui controlled at the Omni Bank. In particular, she was using powers of attorney to routinely wire monies to accounts named Bolyard Children's Trust, Bolyard Insurance Trust, Baines Bailey Space and Direct, Inc. and Paragon, Inc. Although this should have seemed odd and incited further inquiry, especially because Schwab personnel could see that one Schwab client's money was being wired to another Schwab client's banking account, no one ever called the actual Schwab customers to inquire as to whether this was appropriate.

23.

Schwab also solely permitted account statements to be directed solely to Mrs. Zabalaoui based on a signature stamp for periods in which this wiring activity was occurring.

24.

Schwab is supposed to know its customers and to take reasonable steps to monitor its accounts for money laundering activity. In this case, however, Schwab personnel willfully and negligently ignored obvious red flags and obvious patterns of activity that should have excited inquiry.

25.

Schwab, because it could see the patterns of activity in all accounts that Mrs. Zabalaoui was supervising, was in a good position to see what was going on and prevent it.

246666v.1

26.

Omni Bank also played a large role in this scheme.

27.

Omni is a federally chartered bank. It is required to monitor activity in its accounts to determine if money laundering or other illegal or irregular activity is occurring.

28.

Some of the Plaintiffs had accounts at Omni. Omni owes legal duties to the Plaintiffs, including contractual duties, fiduciary duties, duties under federal and state securities laws and general duties.

29.

Mrs. Zabalaoui maintained at least six accounts at Omni over which she had signing authority. She was well-known to personnel at the Bank. She often went to the Bank to cash checks from these accounts. The Bank often made up counter checks for these accounts at her request, which she made out to herself or to cash and cashed.

30.

The accounts were titled Baines Bailey Space and Direct, Inc., Bolyard Children's Trust, Bolyard Family Insurance Trust, Paragon, Inc., Judith Zabalaoui Certified Financial Planner, and Live Oak.

31.

Baines Bailey Space was a purported Louisiana corporation. According to the Secretary of State website, it had not been a valid corporation since at least 2002. It had no valid ongoing business purpose. It was used as Mrs. Zabalaoui's personal account. Millions of dollars was wired by Schwab into this account over several years. Mrs. Zabalaoui often wrote checks to her or to cash out of this account and cashed them at the Bank. Nash Zabalaoui also had signatory authority over this account. She also routinely paid what were obviously personal expenses out of this account. She also transferred money to and from other accounts to and from this account. Personnel at the Bank knew all of this, but did nothing.

32.

Paragon, Inc was also a purported Louisiana Corporation. It had not been a valid Louisiana Corporation since at least 2003. It had no valid business purpose either.

- 6 -

33.

The Bolyard Family Insurance Trust was, on its face, an account over which Mrs. Zabalaoui was a trustee and which had as its purpose insurance for the Bolyard Family. Yet Mrs. Zabalaoui wired monies into this account from various non-Bolyard Schwab accounts. She transferred money to and from this account to other Omni non-Bolyard accounts. She wrote checks to herself and to cash and cashed them at the Bank. The account statements were sent to her office.

34.

The Bolyard Children's Trust was, on its face, an account over which Mrs. Zabalaoui was a trustee and which obviously was not for Mrs. Zabalaoui's personal benefit. Yet Mrs. Zabalaoui wired monies into this account from non-Bolyard accounts at Schwab, and Omni issued her numerous counter checks which she wrote to herself and cash and cashed at the Bank. She transferred monies from this account to and from other non-Bolyard accounts. The account statements were sent to her office.

35.

A bank that is behaving with reasonable care and is observing its contractual duties of workmanlike, reasonable performance and is undertaking its duty to discover and react to red flags and act to discover money laundering and theft would have discovered and addressed this pattern of suspicious and likely criminal activity. It owed a duty to notify the Plaintiffs of this banking activity.

36.

There are other indicia of fraud that will emerge during the discovery in this case.

37.

Steven E. Cowan was employed by Citigroup Smith Barney. He is Mrs. Zabalaoui's brother. He and Citigroup Smith Barney were brokers to some of the Plaintiffs. He and his employer owed some of the Plaintiffs duties, including contractual duties, fiduciary duties, duties under state securities laws and general duties. He knew or should have known of the fraudulent activities but took no steps to notify the Plaintiffs of them.

38.

ABC Insurance Company insures Omni Bank for the breach of the duties outlined above. XYZ Insurance Company insures Resource Management for the breach of the duties outlined above.  It is obligated to the Plaintiffs under the Louisiana Direct Action Statute.

39.

Tamara Riley was Mrs. Zabalaoui's assistant and accomplice.  She knew or should have known of the improper and illegal activity.  She is a co-conspirator, co-tortfeasor and aider and abettor in the improper activity.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that after all due proceedings had, they be awarded the following:

(1)     All of the damages (as discussed more fully in the First through Fifth Course of Action) resulting from the conduct and transactions outlined above;

(2)     Attorneys' fees, costs and other expenses;

(3)     Both pre-judgment and post-judgment interest;

(4)     All costs; and

(5)     All other sums they are entitled to at law or equity.

Respectfully submitted,

JAMES R. SWANSON, 18455
JOSEPH C. PEIFFER, #26459
FISHMAN HAYGOOD PHELPS
    WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170-4600
Telephone:  (504) 586-5252
Attorneys for Plaintiffs

**PLEASE HOLD SERVICE**

246666v.1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO:   08-12562

FILED

JAN 2 3 2009

DEPUTY CLERK
CIVIL DISTRICT COURT

DIVISION: E-7

P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST,
AND MARGARET CANDON

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY

FILED:_____        _____

                                            DEPUTY CLERK

### FIRST AMENDED AND SUPPLEMENTAL PETITION

The First Amended and Supplemental Petition of P. K. Scheerle, Bruce Bolyard, the

Bolyard Children's Trust, the Bolyard Family Insurance Trust and Margaret Candon re-states all

factual allegations and legal assertions raised in Paragraphs 1-39 of the original petition filed on

December 8, 2008, and amends and supplements that petition as follows:

18(a).

In December 2005 or later, Mrs. Zabalaoui transferred all of her interest in Resource

Management to her son, Michael Zabalaoui. This transfer occurred at a time when Mrs.

Zabalaoui knew full well that she was conducting dishonest and illegal activities, which, if

discovered, would ultimately lead to a finding that she was liable to those individuals whom she

swindled out of huge sums. At the time she executed this contract with her son, Mrs. Zabalaoui

knew that disposing of these assets could thwart the victims of her Ponzi scheme in any

subsequent attempt to recover all or part of their money.

18(b).

Secreting assets that might otherwise be available to satisfy the potential judgment

creditors from an obviously fraudulent Ponzi scheme is an act contrary to well-established

Louisiana law and public policy. It is an absolute nullity. The stock transfer simulated a

contract and made Mrs. Zabalaoui appear insolvent. In fact, the transfer was without real legal

**EXHIBIT
2
(in globo)**

effect, performed merely to move assets into the patrimony of a family member to avoid seizure by defrauded clients. It should therefore be annulled, rescinded, and set aside, and the assets should be preserved and protected for the benefit of the Plaintiffs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that after all due proceedings had, the Court:

(1)   Annul, rescind and set aside the contract for transfer of stock from Judith Zabalaoui to Michael Zabalaoui, executed during or after December 2005;

(2)   Preserve and protect the assets association with the wrongfully-transferred stock for the benefit of the Plaintiffs;

(3)   Award the Plaintiffs all of the damages (as discussed more fully in the First through Fifth Course of Action) resulting from the conduct and transactions outlined above;

(4)   Award the Plaintiffs attorneys' fees, costs and other expenses;

(5)   Award the Plaintiffs both pre-judgment and post-judgment interest;

(6)   Award the Plaintiffs all costs; and

(7)   Award the Plaintiffs all other sums they are entitled to at law or equity.

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
FISHMAN HAYGOOD PHELPS
  WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
Attorneys for Plaintiffs

PLEASE HOLD SERVICE

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 667443

P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST
AND MARGARET CANDON

DIVISION: C

*FILED*
JAN 2 3 2009
DEPUTY CLERK

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY

FILED:_____          _____
                                              DEPUTY CLERK

## FIRST AMENDED AND SUPPLEMENTAL PETITION

The First Amended and Supplemental Petition of P. K. Scheerle, Bruce Bolyard, the Bolyard Children's Trust, the Bolyard Family Insurance Trust and Margaret Candon re-states all factual allegations and legal assertions raised in Paragraphs 1-39 of the original petition filed on December 8, 2008, and amends and supplements that petition as follows:

18(a).

In December 2005 or later, Mrs. Zabalaoui transferred all of her interest in Resource Management to her son, Michael Zabalaoui. This transfer occurred at a time when Mrs. Zabalaoui knew full well that she was conducting dishonest and illegal activities, which, if discovered, would ultimately lead to a finding that she was liable to those individuals whom she swindled out of huge sums. At the time she executed this contract with her son, Mrs. Zabalaoui knew that disposing of these assets could thwart the victims of her Ponzi scheme in any subsequent attempt to recover all or part of their money.

18(b).

Secreting assets that might otherwise be available to satisfy the potential judgment creditors from an obviously fraudulent Ponzi scheme is an act contrary to well-established Louisiana law and public policy. It is an absolute nullity. The stock transfer simulated a

- 1 -

253793v.1

contract and made Mrs. Zabalaoui appear insolvent. In fact, the transfer was without real legal effect, performed merely to move assets into the patrimony of a family member to avoid seizure by defrauded clients. It should therefore be annulled, rescinded, and set aside, and the assets should be preserved and protected for the benefit of the Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that after all due proceedings had, the Court:

(1)     Annul, rescind and set aside the contract for transfer of stock from Judith Zabalaoui to Michael Zabalaoui, executed during or after December 2005;

(2)     Preserve and protect the assets association with the wrongfully-transferred stock for the benefit of the Plaintiffs;

(3)     Award the Plaintiffs all of the damages (as discussed more fully in the First through Fifth Course of Action) resulting from the conduct and transactions outlined above;

(4)     Award the Plaintiffs attorneys' fees, costs and other expenses;

(5)     Award the Plaintiffs both pre-judgment and post-judgment interest;

(6)     Award the Plaintiffs all costs; and

(7)     Award the Plaintiffs all other sums they are entitled to at law or equity.

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
FISHMAN HAYGOOD PHELPS
 WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170-4600
Telephone:  (504) 586-5252
Attorneys for Plaintiffs

PLEASE HOLD SERVICE

- 2 -

253793v.1




CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO:   08-12562                                                  DIVISION: E-7

P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST,
MARGARET CANDON, KAREN DAVIS VIX,
BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS JR.

**FILED**

FEB 2 3 2009

DEPUTY CLERK
CIVIL DISTRICT COURT

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY

FILED:_____        _____
                                              DEPUTY CLERK

## SECOND AMENDED AND SUPPLEMENTAL PETITION

The Second Amended and Supplemental Petition of P. K. Scheerle, Bruce Bolyard, the

Bolyard Children's Trust, the Bolyard Family Insurance Trust and Margaret Candon, now adding

as Plaintiffs Karen Davis Vix, Barbara Davis Grant and Charles Frederick Grant, Jr., re-states all

factual allegations and legal assertions raised in Paragraphs 1-39 of the original petition filed on

December 8, 2008 and the first amended and supplemental petition filed on January 23, 2009 and

amends and supplements those petitions to replace and add the paragraphs that follow:[1]

1.

The Plaintiffs were the victims of an elaborate, long-running scam perpetuated by Judith

Zabalaoui with the assistance of the other defendants named herein.  In total, the Plaintiffs have

suffered direct losses of at least $4 million and likely more than that.

2.

Some of the Plaintiffs reside in Orleans Parish. The Plaintiffs have contracts with some of

the Defendants that were executed in Orleans Parish.  Some of the acts giving rise to the claims

in this case occurred in Orleans Parish and damages were sustained in Orleans Parish.

---

[1]      Paragraphs not altered remain as previously written and filed.

255601v.2

FEB 2 5 2009

**EXHIBIT
3
(*in globo*)**



FILED

20[?] [?] 25  A 11: 39

CIVIL
U.S. DISTRICT COURT

2(a).

Plaintiffs Vix, Grant and Davis are the heirs of Charles F. Davis and Barbara M. Davis, who were clients of Resource Management, Inc. and of Judith Zabalaoui. Resource Management and Mrs. Zabalaoui acted as fiduciaries over assets owned by Charles and Barbara Davis. After Charles Davis died and after Barbara Davis became afflicted with Alzheimer's and later died, Plaintiffs Vix, Grant and Davis acceded to those assets and Resource Management and Mrs. Zabalaoui continued to serve in the role of fiduciary over those assets.

6(a).

On February 3, 2009, the United States Attorney filed a criminal "Bill of Information for Mail Fraud" against Judith Zabalaoui. She has pleaded "guilty" to those charges.

7(a).

For example, she represented in various places and in person that she was a "fee-only" financial planner; however, she was earning substantial compensation from the companies whose products she recommended. This conduct created the very conflict of interest that she claimed her business model was meant to avoid. This conduct occurred during her affiliation with Resource Management, Inc., and defendants Randolph Waesche and Michael Zabalaoui were aware of that conduct.

8.

In the 1980s and into the 1990s, she was affiliated with Resource Management, Inc. and its co-principals, Randolph Waesche and Michael Zabalaoui.

8(a).

Mrs. Zabalaoui owned and continues to own one-half of Resource Management's stock. She claims to have gratuitously transferred her entire ownership share to her son, Michael Zabalaoui, sometime after December 15, 2005, but there is no documentation supporting her claim that such a transfer actually occurred. In any case, it would be contrary to the public policy of this state to allow a gratuitous transfer of valuable stock by an individual who is engaged in a major financial fraud that she knows will ultimately be discovered. Mrs. Zabalaoui will be called to account for all assets in her possession and control in order to repay the victims of her fraudulent scheme, and she should therefore be prevented from secreting her assets through phantom or deceitful transfers.

2

9.

FILED

FEB 2 3 2009

DEPUTY CLERK
CIVIL DISTRICT COURT

In the 1980s, Judith Zabalaoui and Randolph Waesche represented themselves as "fee-only" financial planners.

11.

Unfortunately, the purported freedom from financial self-interest that Resource Management promised to its customers was a dishonest representation, at least at certain pertinent times in the company's history. The three principals, the two Zabalaouis and Waesche, knew that Judith Zabalaoui and Resource Management were not functioning as "fee-only" advisors. Instead, the companies whose products they were selling were compensating them, a point that the principals of Resource Management failed to mention to their clients. Each of them knew that what they were doing was dishonest because they were breaking the essential bargain that they had made, but they blithely proceeded, earning substantial profits for themselves and Resource Management along the way.

11(a).

In particular, while Judith Zabalaoui was with Resource Management, she recommended and sold to Charles and Barbara Davis investments that were entirely unsuitable for them, such as Sierra Real Estate Equity Trust, JMB Mortgage Partners, Landsing Pacific Fund, Storage Equities, Inc. and others. These investments paid very large commissions to Mrs. Zabalaoui – much larger than suitable, comparable investments would have paid.

11(b).

For much of the applicable period, Mrs. Zabalaoui and Resource Management did not provide Charles and Barbara Davis, nor Plaintiffs Vix, Grant or Davis, with statements detailing what investments they owned. Mrs. Zabalaoui obtained powers of attorney and represented that she would and was taking care of all aspects of the successions of Charles and Barbara Davis, and that she was administering the assets of the Davis' to care for Barbara Davis after she became incompetent due to Alzheimer's Disease.

11(c).

Mrs. Zabalaoui told Ms. Vix and others that the assets she was managing for Charles and Barbara amounted to approximately $1 million. Mrs. Zabalaoui paid expenses to care for Barbara Davis for many years out of income earned on these assets. However, these assets have

3





now disappeared and are believed to have been spent by Mr. and Mrs. Zabalaoui and Tamara Riley, in the same manner that the assets of other Zabalaoui clients have vanished. Mrs. Zabalaoui has not prepared statements for these accounts outlining the nature of the value of these assets.

12.

Each of the principals of Resource Management owed fiduciary and other legal duties to the Plaintiffs, who were their customers, and the affiliated persons or parties who were the obviously intended beneficiaries of their advice. That duty included the continuing obligation to put their customers' interests ahead of their own, to deal with the customers with absolute candor and completeness and to protect the customers' interests even at the expense of their own.

13.

Those duties also included the continuing obligation to disclose to Ms. Scheerle and affiliated entities and family members, and to members of the Davis family, who were their customers, that Mrs. Zabalaoui was dishonest and that she had actively pursued dishonest schemes to further her financial self-interest in connection with her purportedly independent, "fee-only" financial planning advice.

13(a).

In particular, Mrs. Zabalaoui was recommending that her customers purchase real estate tax shelter limited partnerships. These sales paid substantial commissions and kick-backs of up to eight percent to Mrs. Zabalaoui. But she failed to disclose to her customers the inherent conflicts of interest that recommending this type of investment produced. She also, on information and belief, sold insurance and annuity products directly or indirectly and received commissions for those sales.

14.

Customers, especially Gene and Betty Van Norman, had complained about this dishonest activity and in some cases made formal claims, but Mr. Waesche and Michael Zabalaoui kept that information secret from other Resource Management customers. Mr. Waesche definitely knew about this because he was a defendant in a lawsuit that centered on allegations of conflict of interest and fraudulent activities.

255601v.2

FILED

FEB 2 3 2009

DEPUTY CLERK
CIVIL DISTRICT COURT

CIVIL

15.

Ultimately, Mrs. Zabalaoui left Resource Management, disbanding her confederacy with Mr. Zabalaoui and Mr. Waesche, and taking certain clients with her. At the time of her departure, Mr. Waesche and Mr. Zabalaoui made no effort, as they were obligated to do, to disclose what they knew about Mrs. Zabalaoui's conflicts of interest or to warn their customers that Mrs. Zabalaoui was dishonest and, therefore, obviously an unsuitable person to handle their money in the role of fiduciary.  If they had disclosed what they knew about her activities, then none of the losses would have occurred.

15(a).

Mrs. Zabalaoui continued to represent that she was affiliated with Resource Management and continued to correspond with clients on the firm's stationery from time to time until after 1995.  Mrs. Zabalaoui was pursuing her Ponzi scheme with an investment she called "Paragon" in the early-to-mid 1990s.  This investment was a total fake.

16.

Later, Defendants knew even more about Mrs. Zabalaoui's dishonest activities, as Michael Zabalaoui and Judith Zabalaoui worked in concert to protect what may have been community assets from claims of ownership by Michael Zabalaoui's estranged ex-wife. Nonetheless, knowing what they did, Mr. Zabalaoui and Mr. Waesche discussed in 2006 with Ms. Scheerle the prospect of working in partnership with Mrs. Zabalaoui for the Plaintiffs.  They still did not provide even the slightest hint of what they knew concerning Mrs. Zabalaoui's dishonesty.  Instead, they repeatedly lauded her abilities and judgment, and suggested that they would be honored to work closely with her as joint fiduciaries.

17.

Mrs. Zabalaoui had a large number of customers who relied on her financial planning advice.  She was routinely stealing from them, ultimately siphoning off many millions of dollars that she spent on herself, on her husband, Nash, on Tamara Riley, and on Michael Zabalaoui's daughter.  Her schemes were facilitated by her close relationships with Charles Schwab and Omni Bank.

255601v.2



FILED

FEB 2 3 2009

DEPUTY CLERK
CIVIL DISTRICT COURT

DISTRICT COURT

19.

Many of her clients, including many of the Plaintiffs, had accounts at Charles Schwab.

These accounts numbered over 30, containing many millions of dollars and existed over a period

of many, many years.  As a result, Schwab owed legal duties, including express and implied

contractual duties, fiduciary duties, duties under the state securities laws, duties not to convert

plaintiffs' property and general tort duties to these customers.  For example, Schwab had a duty

to know these customers and to have in place procedures that, had they been followed, would

have uncovered the fraudulent Ponzi scheme.  What happened in each of these accounts is

important in developing Schwab's position of knowledge and understanding of what Mrs.

Zabalaoui was doing.

22.

Schwab had a branch office formerly located in Metairie and currently located in New

Orleans.  Mrs. Zabalaoui was well-known at the office and the personnel there were in a position

to observe an obviously alarming pattern of wire transfers from various client accounts to

accounts that Mrs. Zabalaoui controlled at Omni Bank.  In particular, she was using powers of

attorney, in some cases beyond the contractual authority provided, to wire monies between

clients' accounts and accounts at Omni Bank named Bolyard Children's Trust, Inc., Bolyard

Insurance Trust, Baines Bailey Space and Direct, Inc., Paragon, Inc., and Judith Zabalaoui, CFP,

among others.  Although the pattern of wiring activity in this web of Schwab accounts, which

she controlled, was obviously improper and strongly suggested money laundering and financial

fraud, especially because Schwab personnel could see that one Schwab client's money would be

wired to another Schwab client's banking account or to Mrs. Zabalaoui's accounts on Mrs.

Zabalaoui's instruction, no one ever called any of the actual Schwab customers to inquire as to

whether these frequent transfers of client funds were authorized or appropriate.

22(a).

The personnel at Schwab's office were in a particularly advantageous position to see

what was occurring.  Unlike the customers, they could easily see the pattern of wire transfers

from client accounts to Omni Bank, from one client's account to another's, and from client

accounts to Mrs. Zabalaoui.

22(b).

In some cases, customers of Mrs. Zabalaoui would make checks payable to Charles Schwab in order to "invest" in Paragon or Omni Clearing, and Schwab would simply allow those checks to be deposited and credited to Mrs. Zabalaoui's *personal* Schwab account. In other cases, endorsements were forged.

23.

Schwab also permitted account statements for Ms. Scheerle to be directed solely to Mrs. Zabalaoui for an extended period of time. Based on false instructions for change of address, which she made using a signature stamp purportedly of P.K. Scheerle, Mrs. Zabalaoui prevented delivery of statements to Ms. Scheerle for periods in which this fraudulent activity was occurring. This violated the powers of attorney she had executed. The great majority of the fraud occurred in the period in which the account statements were sent to Judith Zabalaoui in Birmingham in violation of the terms of the Power of Attorney by use of a false signature on a change of address form.

24.

Schwab is required to know its customers and to take reasonable steps to monitor its accounts for money laundering and fraudulent activity. Schwab personnel knew that Mrs. Zabalaoui controlled Schwab accounts in a fiduciary capacity. Schwab personnel had actual, not simply theoretical, knowledge of what she was doing in multiple accounts. In this case, however, Schwab personnel willfully and recklessly ignored obvious red flags and obvious patterns of activity that should have excited attention. Schwab also repeatedly violated its own internal policies and procedures.

25.

Schwab, because it could see the patterns of activity in all accounts that Mrs. Zabalaoui was supervising, was in a favorable position to see what was going on and prevent it.

27.

Omni is a federally chartered bank. It is required by law to monitor account activity to determine if money laundering or other illegal or irregular activity is occurring.

7

255601v.2



28.

Some of the Plaintiffs had accounts at Omni.  Omni owed legal duties to the Plaintiffs,

including contractual duties, duties to perform in good faith and in a workmanlike fashion,

fiduciary duties, duties to disclose to its customers and others known fraudulent activity, duties

under state securities and various banking laws and general duties, including tort duties and

duties not to convert Plaintiffs' property.

31.

Baines Bailey Space & Direct, Inc. was a Louisiana corporation formed by Mrs.

Zabalaoui.  According to the Secretary of State's website, it has not been a valid corporation

since at least 1999.  It had no valid ongoing business purpose, except to perpetuate fraud.  It was

used from 2003 forward, in part, as Mrs. Zabalaoui's and Ms. Tamara Riley's personal account.

Millions of dollars were wired by Schwab into this account over several years and then almost

immediately withdrawn by way of checks made out to "cash" or to Mrs. Zabalaoui.  Nash

Zabalaoui and Tamara Riley also had signatory authority over this account and were complicit in

its fraudulent purpose.  Mrs. Zabalaoui and Ms. Riley also routinely paid what were obviously

personal living expenses out of this account.  Mrs. Zabalaoui also transferred money to and from

other accounts at Omni to and from this account.  Personnel at the Bank knew all of this, but did

nothing to figure out what this non-existent corporation was actually doing.

31(a).

Mrs. Zabalaoui often cashed checks at the bank exceeding $1,000.00, $10,000.00 and

$50,000.00.  She often did so immediately after money was wired or deposited into the Omni

accounts from the Schwab accounts.  This was particularly the case with the Baines Bailey

account, but was also the case with other accounts that Mrs. Zabalaoui controlled.  Many times,

the bank ignored its own procedures and allowed Mrs. Zabalaoui and Ms. Riley to cash checks

without complying with the customary hold period for access to deposited funds.

31(b).

The Baines Bailey account was routinely overdrawn.  Mrs. Zabalaoui and her co-

signatory Ms. Riley wrote over four hundred "NSF" checks and incurred many thousands of

dollars of "NSF" charges over several years.  The bank routinely paid the overdrafts and charged




overdraft fees to the account.  This practice was quite lucrative for the bank but violated the

bank's internal rules.

FILED

JAN FEB 25   A II: 39

### 31(c).

CIVIL
DISTRICT COURT

The bank also allowed the account to be referred to as the "Tammy Riley" account and to

be used and denominated as Ms. Riley's personal account, when it was actually opened as a

corporate account.

### 31(d).

The bank's own statements plainly show that Ms. Scheerle had wired well over $1

million into the account over a period of roughly three years.  They also show that Betty Wilson

wired over $500,000.00 into the account and that Ms. Candon had wired in over $200,000.00.

Bank personnel were personally aware of this.

### 31(e).

Certain personnel at the bank, including bank supervisory personnel, were quite familiar

with the suspicious activity in these accounts.  No one at the bank had any idea of what Baines

Bailey could legitimately be doing that would explain the bizarre pattern of account activity.

The bank knew that Mrs. Zabalaoui was a financial planner, and there is no conceivable

explanation for why she could legitimately wire a client's money into the Baines Bailey account

and then immediately transfer it to herself.

### 31(f).

When the account opening and signature authority documents were executed, no one at

the bank checked whether "Baines Bailey" was a viable corporation or whether there existed an

individual named "Baines Bailey."  There was a signature card with a signature for Baines

Bailey, but there is no such person, nor was identification ever requested or examined.  The bank

should not have allowed this charade to pass.

### 31(g).

The bank routinely and regularly issued counter checks on this account and allowed them

to be cashed or paid to Mrs. Zabalaoui's own account on the very same day that money was

deposited.

255601v.2

31(h).

Because of the volume of the wiring activity and the size of the bank, various bank

personnel were well-aware of exactly how Mrs. Zabalaoui was using this account and other

accounts that she controlled at the bank.

31(i).

Bruce Bolyard, Ms. Scheerle's husband, had signing authority over at least one of the

Bolyard trust accounts at the bank.  Over several years, this account accrued many, many "NSF"

charges, in addition to the more than four hundred "NSF" charges to the Baines Bailey account,

generating substantial fees for the bank that were charged to the account.  The bank never

notified Mr. Bolyard of this recurrent problem, even though the bank knew that this was a

fiduciary account controlled by Mrs. Zabalaoui and that Mr. Bolyard's family members were the

obvious beneficiaries.

34.

The Bolyard Children's Trust was, on its face, an account over which Mrs. Zabalaoui was

a trustee and which obviously was not for Mrs. Zabalaoui's personal benefit.  Yet Mrs. Zabalaoui

often wired monies into this fiduciary account from Ms. Scheerle's and other clients' accounts at

Schwab, and Omni issued her numerous counter checks which she immediately wrote to herself

and cashed at the Bank.  She transferred monies from this account to and from other non-Bolyard

family accounts at the bank and otherwise.  The bank knew that the account statements for the

two fiduciary accounts were sent to Mrs. Zabalaoui's office.

35.

A bank that is behaving with reasonable care, is observing its contractual duties of

workmanlike, reasonable, good-faith performance, and is undertaking its duties to discover and

react to red flags and to act to discover money laundering and theft would have addressed this

pattern of suspicious and criminal activity.  Under the circumstances that will be proven at trial,

and given the bank personnel's actual knowledge of this activity, the bank owed a duty to notify

its customers of this banking activity, and owed these customers the duty to determine whether

Ms. Zabalaoui was using that account to launder money.

36.

FILED

There are other obvious indicia of fraud, well-known to personnel at the bank, which will emerge during the discovery in this case and will be proven at trial.

37.

CIVIL

DISTRICT COURT

Steven E. Cowan was employed by Citigroup Smith Barney.  He is Mrs. Zabalaoui's brother.  He and Citigroup/Smith Barney were brokers to some of the Plaintiffs.  He and his employer owed some of the Plaintiffs duties, including contractual duties, fiduciary duties, duties under state securities laws and general duties.  Mr. Cowan knew or should have known of the fraudulent activities but took no steps to notify the Plaintiffs of them.  He attempted to assist his sister in various fraudulent schemes, including efforts to raise additional monies to perpetuate the Ponzi scheme in the several years prior to its discovery.  He actively conspired with his sister to seek additional potential victims by incorporating businesses in Alabama and soliciting clients through the internet, and otherwise acted to aid and abet her fraudulent scheme.  Citigroup/Smith Barney is responsible for his actions as a "control person" under applicable state law and based upon vicarious liability.

38.

ABC Insurance Company insures Omni Bank for the breach of the duties outlined above. XYZ Insurance Company insures Resource Management for the breach of the duties outlined above.  They are obligated to the Plaintiffs under the Louisiana Direct Action Statute.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that after all due proceedings had, the Court:

(1)     Annul, rescind and set aside the contract for transfer of stock from Judith Zabalaoui to Michael Zabalaoui, executed during or after December 2005;

(2)     Require the Defendants to provide an accounting for Plaintiff assets managed by the Defendants, or in the custody or control of Defendants;

(3)     Preserve and protect the assets association with the wrongfully-transferred stock for the benefit of the Plaintiffs;

11

 

(4)    Award the Plaintiffs, *in solido* against the Defendants, all of the damages (as

discussed more fully in the First through Fifth Causes of Action) resulting from

the conduct and transactions outlined above;

(5)    Award the Plaintiffs, *in solido* against the Defendants, attorneys' fees, costs and

other expenses;

(6)    Award the Plaintiffs, *in solido* against the Defendants, both pre-judgment and

post-judgment interest;

(7)    Award the Plaintiffs, *in solido* against the Defendants, all costs; and

(8)    Award the Plaintiffs, *in solido* against the Defendants, all other sums they are

entitled to at law or equity.

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
FISHMAN HAYGOOD PHELPS
  WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
*Attorneys for Plaintiffs*

| | |
|---|---|
| **PLEASE SERVE:**<br>JUDITH ZABALAOUI<br>101 Lakeshore Ridge<br>Birmingham, Alabama 35211 | **PLEASE SERVE VIA LONG ARM:**<br>NASH ZABALAOUI<br>1709 Ridgewood Place<br>Birmingham, Alabama 35216 |
| **PLEASE SERVE VIA LONG ARM:**<br>TAMARA RILEY<br>101 Lakeshore Ridge<br>Birmingham, Alabama 35211 | **PLEASE SERVE VIA LONG ARM:**<br>STEVEN E. COWAN<br>3717 Claridge Road N.<br>Mobile, Alabama 36608 |
| **PLEASE SERVE:**<br>MICHAEL ZABALAOUI<br>3904 N. Arnoult Rd.<br>Metairie, Louisiana 70002 | **PLEASE SERVE:**<br>OMNI BANCSHARES, INC.<br>Via its Registered Agent for Service of Process<br>James M. Hudson<br>2900 Ridgelake Dr.<br>Metairie, Louisiana 70002 |
| **PLEASE SERVE:**<br>D. RANDOLPH WAESCHE | **PLEASE SERVE:**<br>RESOURCE MANAGEMENT, INC. |

12

 

| | |
|---|---|
| **PLEASE SERVE:**<br>D. RANDOLPH WAESCHE<br>107 Northlake Drive<br>Mandeville, Louisiana 70448 | **PLEASE SERVE:**<br>RESOURCE MANAGEMENT, INC.<br>Via its Registered Agent for Service of Process:<br>D. Randolph Waesche<br>3300 W. Esplanade Ave. #223<br>Metairie, Louisiana 70002 |
| **PLEASE SERVE:**<br>CITIGROUP GLOBAL MARKETS, INC.<br>Via its Registered Agent for Service of Process:<br>C.T. Corporation System<br>5615 Corporate Blvd. Suite 400B<br>Baton Rouge, Louisiana 70808 | **PLEASE SERVE:**<br>CHARLES SCHWAB & CO., INC.<br>Via its Registered Agent for Service of Process:<br>C.T. Corporation System<br>5615 Corporate Blvd. Suite 400B<br>Baton Rouge, Louisiana 70808 |

13

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 667443

DIVISION: "C"

P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST,
MARGARET CANDON, KAREN DAVIS VIX,
BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS, JR.

FILED

FEB 2 3 2009

DEPUTY CLERK

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAQUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY

FILED:_____

_____
DEPUTY CLERK

### SECOND AMENDED AND SUPPLEMENTAL PETITION

The Second Amended and Supplemental Petition of P. K. Scheerle, Bruce Bolyard, the

Bolyard Children's Trust, the Bolyard Family Insurance Trust and Margaret Candon, now adding

as Plaintiffs Karen Davis Vix, Barbara Davis Grant and Charles Frederick Grant, Jr., re-states all

factual allegations and legal assertions raised in Paragraphs 1-39 of the original petition filed on

December 8, 2008 and the first amended and supplemental petition filed on January 23, 2009 and

amends and supplements those petitions to replace and add the paragraphs that follow:[1]

1.

The Plaintiffs were the victims of an elaborate, long-running scam perpetuated by Judith

Zabalaoui with the assistance of the other defendants named herein. In total, the Plaintiffs have

suffered direct losses of at least $4 million and likely more than that.

2.

Some of the Plaintiffs reside in Jefferson Parish. The Plaintiffs have contracts with some

of the Defendants that were executed in Jefferson Parish. Some of the acts giving rise to the

claims in this case occurred in Jefferson Parish and damages were sustained in Jefferson Parish.

---

[1] Paragraphs not altered remain as previously written and filed.

255600v.2

1

ISSUED _____

MAR 0 4 2009

DATE _____

2(a).

Plaintiffs Vix, Grant and Davis are the heirs of Charles F. Davis and Barbara M. Davis, who were clients of Resource Management, Inc. and of Judith Zabalaoui. Resource Management and Mrs. Zabalaoui acted as fiduciaries over assets owned by Charles and Barbara Davis. After Charles Davis died and after Barbara Davis became afflicted with Alzheimer's and later died, Plaintiffs Vix, Grant and Davis acceded to those assets and Resource Management and Mrs. Zabalaoui continued to serve in the role of fiduciary over those assets.

6(a).

On February 3, 2009, the United States Attorney filed a criminal "Bill of Information for Mail Fraud" against Judith Zabalaoui. She has pleaded "guilty" to those charges.

7(a).

For example, she represented in various places and in person that she was a "fee-only" financial planner; however, she was earning substantial compensation from the companies whose products she recommended. This conduct created the very conflict of interest that she claimed her business model was meant to avoid. This conduct occurred during her affiliation with Resource Management, Inc., and defendants Randolph Waesche and Michael Zabalaoui were aware of that conduct.

8.

In the 1980s and into the 1990s, she was affiliated with Resource Management, Inc. and its co-principals, Randolph Waesche and Michael Zabalaoui.

8(a).

Mrs. Zabalaoui owned and continues to own one-half of Resource Management's stock. She claims to have gratuitously transferred her entire ownership share to her son, Michael Zabalaoui, sometime after December 15, 2005, but there is no documentation supporting her claim that such a transfer actually occurred. In any case, it would be contrary to the public policy of this state to allow a gratuitous transfer of valuable stock by an individual who is engaged in a major financial fraud that she knows will ultimately be discovered. Mrs. Zabalaoui will be called to account for all assets in her possession and control in order to repay the victims of her fraudulent scheme, and she should therefore be prevented from secreting her assets through phantom or deceitful transfers.

IMAGED MAR 1 0 2009

9.

In the 1980s, Judith Zabalaoui and Randolph Waesche represented themselves to be "fee-only" financial planners.

11.

Unfortunately, the purported freedom from financial self-interest that Resource Management promised to its customers was a dishonest representation, at least at certain pertinent times in the company's history. The three principals, the two Zabalaouis and Waesche, knew that Judith Zabalaoui and Resource Management were not functioning as "fee-only" advisors. Instead, the companies whose products they were selling were compensating them, a point that the principals of Resource Management failed to mention to their clients. Each of them knew that what they were doing was dishonest because they were breaking the essential bargain that they had made, but they blithely proceeded, earning substantial profits for themselves and Resource Management along the way.

11(a).

In particular, while Judith Zabalaoui was with Resource Management, she recommended and sold to Charles and Barbara Davis investments that were entirely unsuitable for them, such as Sierra Real Estate Equity Trust, JMB Mortgage Partners, Landsing Pacific Fund, Storage Equities, Inc. and others. These investments paid very large commissions to Mrs. Zabalaoui – much larger than suitable, comparable investments would have paid.

11(b).

For much of the applicable period, Mrs. Zabalaoui and Resource Management did not provide Charles and Barbara Davis, nor Plaintiffs Vix, Grant or Davis, with statements detailing what investments they owned. Mrs. Zabalaoui obtained powers of attorney and represented that she would and was taking care of all aspects of the successions of Charles and Barbara Davis, and that she was administering the assets of the Davis' to care for Barbara Davis after she became incompetent due to Alzheimer's Disease.

11(c).

Mrs. Zabalaoui told Ms. Vix and others that the assets she was managing for Charles and Barbara amounted to approximately $1 million. Mrs. Zabalaoui paid expenses to care for Barbara Davis for many years out of income earned on these assets. However, these assets have

3

IMAGED MAR 1 0 2009

now disappeared and are believed to have been spent by Mr. and Mrs. Zabalaoui and Tamara Riley, in the same manner that the assets of other Zabalaoui clients have vanished. Mrs. Zabalaoui has not prepared statements for these accounts outlining what nature of the value of these assets.

12.

Each of the principals of Resource Management owed fiduciary and other legal duties to the Plaintiffs, who were their customers, and the affiliated persons or parties who were the obviously intended beneficiaries of their advice. That duty included the continuing obligation to put their customers' interests ahead of their own, to deal with the customers with absolute candor and completeness and to protect the customers' interests even at the expense of their own.

13.

Those duties also included the continuing obligation to disclose to Ms. Scheerle and affiliated entities and family members, and to the Davis family, who were their customers, that Mrs. Zabalaoui was dishonest and that she had actively pursued dishonest schemes to further her financial self-interest in connection with her purportedly independent, "fee-only" financial planning advice.

13(a).

In particular, Mrs. Zabalaoui was recommending that her customers purchase real estate tax shelter limited partnerships. These sales paid substantial commissions and kick-backs of up to eight percent to Mrs. Zabalaoui. But she failed to disclose to her customers the inherent conflicts of interest that recommending this type of investment produced. She also, on information and belief, sold insurance and annuity products directly or indirectly and received commissions for those sales.

14.

Customers, especially Gene and Betty Van Norman, had complained about this dishonest activity and in some cases made formal claims, but Mr. Waesche and Michael Zabalaoui kept that information secret from other Resource Management customers. Mr. Waesche definitely knew about this because he was a defendant in a lawsuit that centered on allegations of conflict of interest and fraudulent activities.

IMAGED MAR 1 0 2009

15.

Ultimately, Mrs. Zabalaoui left Resource Management, disbanding her confederacy with Mr. Zabalaoui and Mr. Waesche, and taking certain clients with her. At the time of her departure, Mr. Waesche and Mr. Zabalaoui made no effort, as they were obligated to do, to disclose what they knew about Mrs. Zabalaoui's conflicts of interest or to warn their customers that Mrs. Zabalaoui was dishonest and, therefore, obviously an unsuitable person to handle their money in the role of fiduciary. If they had disclosed what they knew about her activities, then none of the losses would have occurred.

15(a).

Mrs. Zabalaoui continued to represent that she was affiliated with Resource Management and continued to correspond with clients on the firm's stationery from time to time until after 1995. Mrs. Zabalaoui was pursuing her Ponzi scheme with an investment she called "Paragon" in the early-to-mid 1990s. This investment was a total fake.

16.

Later, Defendants knew even more about Mrs. Zabalaoui's dishonest activities, as Michael Zabalaoui and Judith Zabalaoui worked in concert to protect what may have been community assets from claims of ownership by Michael Zabalaoui's estranged ex-wife. Nonetheless, knowing what they did, Mr. Zabalaoui and Mr. Waesche discussed in 2006 with Ms. Scheerle the prospect of working in partnership with Mrs. Zabalaoui for the Plaintiffs. They still did not provide even the slightest hint of what they knew concerning Mrs. Zabalaoui's dishonesty. Instead, they repeatedly lauded her abilities and judgment, and suggested that they would be honored to work closely with her as joint fiduciaries.

17.

Mrs. Zabalaoui had a large number of customers who relied on her financial planning advice. She was routinely stealing from them, ultimately siphoning off many millions of dollars that she spent on herself, on her husband, Nash, on Tamara Riley, and on Michael Zabalaoui's daughter. Her schemes were facilitated by her close relationships with Charles Schwab and Omni Bank.

IMAGED MAR 1 0 2009

19.

Many of her clients, including many of the Plaintiffs, had accounts at Charles Schwab. These accounts numbered over 30, containing many millions of dollars and existed over a period of many, many years.  As a result, Schwab owed legal duties, including express and implied contractual duties, fiduciary duties, duties under the state securities laws, duties not to convert plaintiffs' property and general tort duties to these customers.  For example, Schwab had a duty to know these customers and to have in place procedures that, had they been followed, would have uncovered the fraudulent Ponzi scheme.  What happened in each of these accounts is important in developing Schwab's position of knowledge and understanding of what Mrs. Zabalaoui was doing.

22.

Schwab had a branch office formerly located in Metairie and currently located in New Orleans.  Mrs. Zabalaoui was well-known at the office and the personnel there were in a position to observe an obviously alarming pattern of wire transfers from various client accounts to accounts that Mrs. Zabalaoui controlled at Omni Bank.  In particular, she was using powers of attorney, in some cases beyond the contractual authority provided, to wire monies between clients' accounts and accounts at Omni Bank named Bolyard Children's Trust, Inc., Bolyard Insurance Trust, Baines Bailey Space and Direct, Inc., Paragon, Inc., and Judith Zabalaoui, CFP, among others.  Although the pattern of wiring activity in this web of Schwab accounts, which she controlled, was obviously improper and strongly suggested money laundering and financial fraud, especially because Schwab personnel could see that one Schwab client's money would be wired to another Schwab client's banking account or to Mrs. Zabalaoui's accounts on Mrs. Zabalaoui's instruction, no one ever called any of the actual Schwab customers to inquire as to whether these frequent transfers of client funds were authorized or appropriate.

22(a).

The personnel at Schwab's office were in a particularly advantageous position to see what was occurring.  Unlike the customers, they could easily see the pattern of wire transfers from client accounts to Omni Bank, from one client's account to another's, and from client accounts to Mrs. Zabalaoui.

IMAGED MAR 1 0 2009

6

667·443

22(b).

In some cases, customers of Mrs. Zabalaoui would make checks payable to Charles Schwab in order to "invest" in Paragon or Omni Clearing, and Schwab would simply allow those checks to be deposited and credited to Mrs. Zabalaoui's *personal* Schwab account. In other cases endorsements were forged.

23.

Schwab also permitted account statements for Ms. Scheerle to be directed solely to Mrs. Zabalaoui for an extended period of time. Based on false instructions for change of address, which she made using a signature stamp purportedly of P.K. Scheerle, Mrs. Zabalaoui prevented delivery of statements to Ms. Scheerle for periods in which this fraudulent activity was occurring. This violated the powers of attorney she had executed. The great majority of the fraud occurred in the period in which the account statements were sent to Judith Zabalaoui in Birmingham in violation of the terms of the Power of Attorney by use of a false signature on a change of address form,

24.

Schwab is required to know its customers and to take reasonable steps to monitor its accounts for money laundering and fraudulent activity. Schwab personnel knew that Mrs. Zabalaoui controlled Schwab accounts in a fiduciary capacity. Schwab personnel had actual, not simply theoretical, knowledge of what she was doing in multiple accounts. In this case, however, Schwab personnel willfully and recklessly ignored obvious red flags and obvious patterns of activity that should have excited attention. Schwab also repeatedly violated its own internal policies and procedures.

25.

Schwab, because it could see the patterns of activity in all accounts that Mrs. Zabalaoui was supervising, was in a favorable position to see what was going on and prevent it.

27.

Omni is a federally chartered bank. It is required by law to monitor account activity to determine if money laundering or other illegal or irregular activity is occurring.

IMAGED MAR 1 0 2009

ω6 7· 443

28.

Some of the Plaintiffs had accounts at Omni. Omni owed legal duties to the Plaintiffs, including contractual duties, duties to perform in good faith and in a workmanlike fashion, fiduciary duties, duties to disclose to its customers and others known fraudulent activity, duties under state securities and various banking laws and general duties, including tort duties and duties not to convert Plaintiffs' property.

31.

Baines Bailey Space & Direct, Inc. was a Louisiana corporation formed by Mrs. Zabalaoui. According to the Secretary of State's website, it has not been a valid corporation since at least 1999. It had no valid ongoing business purpose, except to perpetuate fraud. It was used from 2003 forward, in part, as Mrs. Zabalaoui's and Ms. Tamara Riley's personal account. Millions of dollars were wired by Schwab into this account over several years and then almost immediately withdrawn by way of checks made out to "cash" or to Mrs. Zabalaoui. Nash Zabalaoui and Tamara Riley also had signatory authority over this account and were complicit in its fraudulent purpose. Mrs. Zabalaoui and Ms. Riley also routinely paid what were obviously personal living expenses out of this account. Mrs. Zabalaoui also transferred money to and from other accounts at Omni to and from this account. Personnel at the Bank knew all of this, but did nothing to figure out what this non-existent corporation was actually doing.

31(a).

Mrs. Zabalaoui often cashed checks at the bank exceeding $1,000.00, $10,000.00 and $50,000.00. She often did so immediately after money was wired or deposited into the Omni accounts from the Schwab accounts. This was particularly the case with the Baines Bailey account, but was also the case with other accounts that Mrs. Zabalaoui controlled. Many times, the bank ignored its own procedures and allowed Mrs. Zabalaoui and Ms. Riley to cash checks without complying with the customary hold period for access to deposited funds.

31(b).

The Baines Bailey account was routinely overdrawn. Mrs. Zabalaoui and her co-signatory Ms. Riley wrote over four hundred "NSF" checks and incurred many thousands of dollars of "NSF" charges over several years. The bank routinely paid the overdrafts and charged

IMAGED MAR 1 0 2009

overdraft fees to the account. This practice was quite lucrative for the bank but violated the bank's internal rules.

### 31(c).

The bank also allowed the account to be referred to as the "Tammy Riley" account and to be used and denominated as Ms. Riley's personal account, when it was actually opened as a corporate account.

### 31(d).

The bank's own statements plainly show that Ms. Scheerle had wired well over $1 million into the account over a period of roughly three years. They also show that Betty Wilson wired over $500,000.00 into the account and that Ms. Candon had wired in over $200,000.00. Bank personnel were personally aware of this.

### 31(e).

Certain personnel at the bank, including bank supervisory personnel, were quite familiar with the suspicious activity in these accounts. No one at the bank had any idea of what Baines Bailey could legitimately be doing that would explain the bizarre pattern of account activity. The bank knew that Mrs. Zabalaoui was a financial planner, and there is no conceivable explanation for why she could legitimately wire a client's money into the Baines Bailey account and then immediately transfer it to herself.

### 31(f).

When the account opening and signature authority documents were executed, no one at the bank checked whether "Baines Bailey" was a viable corporation or whether there existed an individual named "Baines Bailey." There was a signature card with a signature for Baines Bailey, but there is no such person, nor was identification ever requested or examined. The bank should not have allowed this charade to pass.

### 31(g).

The bank routinely and regularly issued counter checks on this account and allowed them to be cashed or paid to Mrs. Zabalaoui's own account on the very same day that money was deposited.

IMAGED MAR 1 0 2009

31(h).

Because of the volume of the wiring activity and the size of the bank, various bank personnel were well-aware of exactly how Mrs. Zabalaoui was using this account and other accounts that she controlled at the bank.

31(i).

Bruce Bolyard, Ms. Scheerle's husband, had signing authority over at least one of the Bolyard trust accounts at the bank. Over several years, this account accrued many, many "NSF" charges, in addition to the more than four hundred "NSF" charges to the Baines Bailey account, generating substantial fees for the bank that were charged to the account. The bank never notified Mr. Bolyard of this recurrent problem, even though the bank knew that this was a fiduciary account controlled by Mrs. Zabalaoui and that Mr. Bolyard's family members were the obvious beneficiaries.

34.

The Bolyard Children's Trust was, on its face, an account over which Mrs. Zabalaoui was a trustee and which obviously was not for Mrs. Zabalaoui's personal benefit. Yet Mrs. Zabalaoui often wired monies into this fiduciary account from Ms. Scheerle's and other clients' accounts at Schwab, and Omni issued her numerous counter checks which she immediately wrote to herself and cashed at the Bank. She transferred monies from this account to and from other non-Bolyard family accounts at the bank and otherwise. The bank knew that the account statements for the two fiduciary accounts were sent to Mrs. Zabalaoui's office.

35.

A bank that is behaving with reasonable care, is observing its contractual duties of workmanlike, reasonable, good-faith performance, and is undertaking its duties to discover and react to red flags and to act to discover money laundering and theft would have addressed this pattern of suspicious and criminal activity. Under the circumstances that will be proven at trial, and given the bank personnel's actual knowledge of this activity, the bank owed a duty to notify its customers of this banking activity, and owed these customers the duty to determine whether Ms. Zabalaoui was using that account to launder money.

IMAGED MAR 1 0 2009

10

667.443

36.

There are other obvious indicia of fraud, well-known to personnel at the bank, which will emerge during the discovery in this case and will be proven at trial.

37.

Steven E. Cowan was employed by Citigroup Smith Barney. He is Mrs. Zabalaoui's brother. He and Citigroup/Smith Barney were brokers to some of the Plaintiffs. He and his employer owed some of the Plaintiffs duties, including contractual duties, fiduciary duties, duties under state securities laws and general duties. Mr. Cowan knew or should have known of the fraudulent activities but took no steps to notify the Plaintiffs of them. He attempted to assist his sister in various fraudulent schemes, including efforts to raise additional monies to perpetuate the Ponzi scheme in the several years prior to its discovery. He actively conspired with his sister to seek additional potential victims by incorporating businesses in Alabama and soliciting clients through the internet, and otherwise acted to aid and abet her fraudulent scheme. Citigroup/Smith Barney is responsible for his actions as a "control person" under applicable state law and based upon vicarious liability.

38.

ABC Insurance Company insures Omni Bank for the breach of the duties outlined above. XYZ Insurance Company insures Resource Management for the breach of the duties outlined above. They are obligated to the Plaintiffs under the Louisiana Direct Action Statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that after all due proceedings had, the Court:

(1)     Annul, rescind and set aside the contract for transfer of stock from Judith Zabalaoui to Michael Zabalaoui, executed during or after December 2005;

(2)     Require the Defendants to provide an accounting for Plaintiff assets managed by the Defendants, or in the custody or control of Defendants;

(3)     Preserve and protect the assets association with the wrongfully-transferred stock for the benefit of the Plaintiffs;

IMAGED MAR 1 0 2009

667.443

(4)   Award the Plaintiffs, *in solido* against the Defendants, all of the damages (as discussed more fully in the First through Fifth Causes of Action) resulting from the conduct and transactions outlined above;

(5)   Award the Plaintiffs, *in solido* against the Defendants, attorneys' fees, costs and other expenses;

(6)   Award the Plaintiffs, *in solido* against the Defendants, both pre-judgment and post-judgment interest;

(7)   Award the Plaintiffs, *in solido* against the Defendants, all costs; and

(8)   Award the Plaintiffs, *in solido* against the Defendants, all other sums they are entitled to at law or equity.

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
FISHMAN HAYGOOD PHELPS
  WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
*Attorneys for Plaintiffs*

| PLEASE SERVE:<br>JUDITH ZABALAOUI<br>101 Lakeshore Ridge<br>Birmingham, Alabama 35211 | PLEASE SERVE VIA LONG ARM:<br>NASH ZABALAOUI<br>1709 Ridgewood Place<br>Birmingham, Alabama 35216 |
| --- | --- |
| PLEASE SERVE VIA LONG ARM:<br>TAMARA RILEY<br>101 Lakeshore Ridge<br>Birmingham, Alabama 35211 | PLEASE SERVE VIA LONG ARM:<br>STEVEN E. COWAN<br>3717 Claridge Road N.<br>Mobile, Alabama 36608 |
| PLEASE SERVE:<br>MICHAEL ZABALAOUI<br>3904 N. Arnoult Rd.<br>Metairie, Louisiana 70002 | PLEASE SERVE:<br>OMNI BANCSHARES, INC.<br>Via its Registered Agent for Service of Process<br>James M. Hudson<br>2900 Ridgelake Dr.<br>Metairie, Louisiana 70002 |
| PLEASE SERVE:<br>D. RANDOLPH WAESCHE<br>107 Northlake Drive | PLEASE SERVE:<br>RESOURCE MANAGEMENT, INC.<br>Via its Registered Agent for Service of Process: |

IMAGED MAR 1 0 2009

255600v.2

667·443

| PLEASE SERVE:<br>D. RANDOLPH WAESCHE<br>107 Northlake Drive<br>Mandeville, Louisiana 70448 | PLEASE SERVE:<br>RESOURCE MANAGEMENT, INC.<br>Via its Registered Agent for Service of Process:<br>D. Randolph Waesche<br>3300 W. Esplanade Ave., #212<br>Metairie, Louisiana 70002 |
|---|---|
| PLEASE SERVE:<br>CITIGROUP GLOBAL MARKETS, INC.<br>Via its Registered Agent for Service of Process:<br>C.T. Corporation System<br>5615 Corporate Blvd. Suite 400B<br>Baton Rouge, Louisiana 70808 | PLEASE SERVE:<br>CHARLES SCHWAB & CO., INC.<br>Via its Registered Agent for Service of Process:<br>C.T. Corporation System<br>5615 Corporate Blvd. Suite 400B<br>Baton Rouge, Louisiana 70808 |

IMAGED MAR 1 0 2009
E.B.B.S. HS6245
$58.72

255600v.2

667.443

FISHMAN HAYGOOD PHELPS
WALMSLEY WILLIS & SWANSON, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LOUISIANA 70170-4600
(504) 586-5252
FAX (504) 586-5250

JAMES R. SWANSON
586-5267 DIRECT
JPEIFFER@FISHMANHAYGOOD.COM

February 23, 2009

Karen McEvers
Chief Civil Docket Clerk
Jefferson Parish Clerk of Court
200 Derbigny Street
P.O. Box 10
Gretna, La. 70053

Re:   P. K. Scheerle, Bruce Bolyard, The Bolyard Children's Trust, The Bolyard Family
      Ins. Trust, and Margaret Candon v.
      Judith Zabalaoui, Nash Zabalaoui, Michael Zabalaoui, Steven E. Cowan, Citigroup
      Global Markets, Inc., Resource Management, Inc., Randolph Waesche, Omni
      Bancshares, Inc., Charles Schwab & Co., Inc., Tamara Riley, ABC Insurance
      Company and XYZ Insurance Company
      Case No. 667-443, Division "C," Twenty-Fourth Judicial District Court

Dear Ms. McEvers:

       Enclosed are the original and one copy of the Second Supplemental and Amended Petition
that was fax-filed this date in the referenced matter. Also enclosed are your Facsimile Filing
Acknowledgment sheet, our check in the amount of $1,069.00 to cover your fax, filing and service
fees, and our check in the amount of $58.72 made payable to the East Baton Rouge Sheriff to cover
those service fees. Please return a conformed copy in the self-addressed, postage-prepaid envelope
that is also enclosed.

       Thank you for your usual courtesies.

                                                Sincerely,

                                                James R. Swanson

hms
Enclosures

                                                IMAGED MAR 1 0 2009

257391v.1                                       sent conf 2·26·09

FISHMAN HAYGOOD PHELPS
WALMSLEY WILLIS & SWANSON, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LOUISIANA 70170-4600
(504) 586-5252
FAX (504) 586-5250

JAMES R. SWANSON
586-5287 DIRECT
JPEIFFER@FISHMANHAYGOOD.COM

February 23, 2009

Karen McEvers
Chief Civil Docket Clerk
Jefferson Parish Clerk of Court
200 Derbigny Street
P.O. Box 10
Gretna, La. 70053

Re:   P. K. Scheerle, Bruce Bolyard, The Bolyard Children's Trust, The Bolyard Family
      Ins. Trust, and Margaret Candon v.
      Judith Zabalaoui, Nash Zabalaoui, Michael Zabalaoui, Steven E. Cowan, Citigroup
      Global Markets, Inc., Resource Management, Inc., Randolph Waesche, Omni
      Bancshares, Inc., Charles Schwab & Co., Inc., Tamara Riley, ABC Insurance
      Company and XYZ Insurance Company
      Case No. 667-443, Division "C," Twenty-Fourth Judicial District Court

Dear Ms. McEvers:

    Please find enclosed Plaintiff's Second Amended & Supplemental Petition. Previously
Plaintiff has requested that service be held on this Petition. Plaintiff now desires that the original
Petition, First Amended and Supplemental Petition and Second Amended and Supplemental Petition
be served on Defendants, as provided for in the enclosed petition.

    Please contact me with any questions regarding service.

    Thank you for your usual courtesies.

                                        Sincerely,

                                        James R. Swanson

hms
Enclosures

IMAGED MAR 1 0 2009

257400v.1





CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO:   08-12562                                                     DIVISION: E-7

P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST,
MARGARET CANDON, KAREN DAVIS VIX,
BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS, JR.

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., OMNI BANK, CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY

FILED:_____          _____
                                          DEPUTY CLERK

**MOTION TO AMEND PETITION**

NOW INTO COURT, through undersigned counsel, come Plaintiffs P.K. Scheerle,

Bruce Bolyard, The Bolyard Children's Trust, The Bolyard Family Insurance Trust, Margaret

Candon, Karen Davis Vix, Barbara Davis Grant and Charles Frederick Davis, Jr., who hereby

submit the attached Third Amended and Supplemental Petition and request the Court to enter an

order permitting Plaintiffs to file their Third Amended and Supplemental Petition.

Plaintiffs respectfully request leave of this Court to amend and supplement their petition

to add defendant Omni Bank, which operates as a subsidiary of defendant Omni Bancshares,

Inc., and to include additional allegations against Omni Bancshares, Inc.  None of the above-

named Defendants has filed an answer in this action.  Plaintiffs seek leave of this Court, in

accordance with LA. CODE. CIV. PROC. art. 1151, to file the attached Third Amended and

Supplemental Petition.

268993v.1

EXHIBIT
4
(*in globo*)

05-14-09

Therefore, Plaintiffs respectfully request that this Court enter an order allowing it to file this Third Amended and Supplemental Petition.

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
BENJAMIN D. REICHARD, #31933
FISHMAN HAYGOOD PHELPS
  WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170-4600
Telephone:  (504) 586-5252
*Attorneys for Plaintiffs*

## C E R T I F I C A T E

I hereby certify that a copy of the foregoing Motion to Amend Petition and Third Amended and Supplemental Petition has been served upon all counsel of record by facsimile or U.S. Mail postage prepaid, this 6th day of May, 2009.

268993v.1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO:   08-12562                                              DIVISION: E-7

P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST,
MARGARET CANDON, KAREN DAVIS VIX,
BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS, JR.

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., OMNI BANK, CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY

FILED:_____          _____
                                                      DEPUTY CLERK

## O R D E R

The foregoing Motion having been considered;

**IT IS ORDERED** that Plaintiffs P.K. Scheerle, Bruce Bolyard, The Bolyard Children's

Trust, The Bolyard Family Insurance Trust, Margaret Candon, Karen Davis Vix, Barbara Davis

Grant and Charles Frederick Davis, Jr., be allowed to file their Third Amended and

Supplemental Petition in this matter.                    ENTERED ON MINUTES

New Orleans, Louisiana, this __12__ day of __May__, 2009.         MAY 1 3 2009

_____
                    J U D G E

268993v.1



FILED

MAY 0 6 2009

DEPUTY CLERK
CIVIL DISTRICT COURT



**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO:   08-12562                                             DIVISION: E-7

**P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST,
MARGARET CANDON, KAREN DAVIS VIX,
BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS, JR.**

**VERSUS**

**JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., OMNI BANK, CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY**

FILED:_____            _____
                                                  DEPUTY CLERK

**THIRD AMENDED AND SUPPLEMENTAL PETITION**

The Third Amended and Supplemental Petition of P. K. Scheerle, Bruce Bolyard, the

Bolyard Children's Trust, the Bolyard Family Insurance Trust, Margaret Candon, Karen Davis

Vix, Barbara Davis Grant and Charles Frederick Grant, Jr., re-states all factual allegations and

legal assertions raised in Paragraphs 1-39 of the original petition filed on December 8, 2008, the

first amended and supplemental petition filed on January 23, 2009, the second amended and

supplemental petition filed on February 23, 2009 and amends and supplements those petitions to

replace and add the paragraphs that follow:[1]

5(a).

Also made Defendant in this case is Omni Bank, which operates as a subsidiary of

Defendant Omni Bancshares, Inc., and which has its principal office in Jefferson Parish,

---

[1]      Paragraphs not altered remain as previously written and filed.

Louisiana.  Together, Defendants Omni Bank and Omni Bancshares, Inc. (collectively, "Omni") operate as a single business enterprise.

### 35(a).

Omni Bancshares, Inc. and its officers and board of directors knew of and approved of the anomalous actions occurring in accounts at Omni Bank, its wholly-owned subsidiary.  Omni Bancshares is therefore liable for the actions of Omni Bank and its employees.

### 35(b).

Omni Bancshares and its officers and directors owed a duty to the Plaintiffs to exercise adequate supervisory authority over the activities of its wholly-owned subsidiary, Omni Bank, and Omni Bank's employees.  Omni Bancshares failed to observe its duty to the Plaintiff.

Also made Defendant in this case is Omni Bank, which operates as a subsidiary of defendant Omni Bancshares, Inc., and which has its principal office in Jefferson Parish, Louisiana.

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
BENJAMIN D. REICHARD, #31933
FISHMAN HAYGOOD PHELPS
 WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170-4600
Telephone:  (504) 586-5252
*Attorneys for Plaintiffs*

**PLEASE SERVE:**
OMNI BANK
Via its Registered Agent for Service of Process:
James M. Hudson
2900 Ridgelake Drive
Metairie, LA 70002-4932

**PLEASE SERVE:**
CITIGROUP GLOBAL MARKETS, INC.
Via its Registered Agent for Service of Process:
C.T. Corporation System
5615 Corporate Blvd. Suite 400B
Baton Rouge, Louisiana 70808

Dec 5-13-09

10:00 AM

In Reference to Case #: **667-443**

Division: **C**

**Jon A. Gegenheimer**
Jefferson Parish Clerk of Court



**24th Judicial District Court**
**FAX Filing**
P.O. Box 10
Gretna LA 70054-0010
www.jpclerkofcourt.us
Telephone: (504) 364-2987

● JAMES R. SWANSON, ATTY.

FAX# 586-5250

MAY 7, 20 09

# FACSIMILE FILING ACKNOWLEDGMENT

From:    Karen McEvers, Chief Civil Docket Clerk
24th Judicial District Court Civil Department
Jefferson Parish Clerk of Court
(504) 364-2987  FAX: (504) 364-3780

Total Number of Pages: **6**

Document Type: **MOTION TO AMEND PETITION, THIRD AMENDED AND SUPPLEMENTAL PETITION**

Case Title: **P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST, THE BOLYARD FAMILY INS. TRUST, ET AL. VS. JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC., ETAL.**

Receipt is hereby acknowledged of the above described document, which was filed at
**5:19**        ☐A.M./☑P.M. on _____ **MAY 6** , 20 **09** . Per
R.S. 13:850, please remit the original pleading within 5 days of faxing to the Jefferson
Parish Clerk of Court with funds in the amounts listed below:

| | | |
|---|---|---|
| Check payable to "Jefferson Parish Clerk of Court": | $ | 179.00 |
| Check payable to "Orleans Parish Civil Sheriff": | $ | |
| Check payable to "Louisiana Secretary of State": | $ | |
| Check payable to "East Baton Rouge Sheriff": | $ | 29.36 |
| Check payable to | : | $ | |

**Please enclose this acknowledgment when original pleading is filed.**

ATTN: Civil Filing Dept.
24th Judicial District Court, Division **C**
Jefferson Parish Clerk of Court
P.O. Box 10
Gretna LA 70054-0010

**PLEASE ADDRESS ALL**
**CORRESPONDENCE TO INCLUDE**
**DIVISION OR DEPARTMENT**
IMAGED MAY 1 9 '09

Rec ~orig     3-8-09

FISHMAN HAYGOOD PHELPS
WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue
46th Floor
New Orleans, LA 70170-4600
Phone: (504) 586-5252
Fax: (504) 586-5250

**TO:**   Clerk of Court, 24th JDC, Jefferson     **FAX NUMBER:**   364-3780

**FROM:** James R. Swanson                         **DIRECT DIAL NO:** (504) 586-5267

**DATE:** May 6, 2009                              **FILE NO:** 2215-00001

We are sending __6__ pages (including this page)
If there are any problems, please contact **Hazel Stewart at (504) 586-5297.**

---

**MESSAGE:**

> *P.K. Scheerle, et al. v. Judith Zabalaoui, et al.*
> Case No. 667443
> 24th Judicial District Court for the Parish of Jefferson

    Attached please find the Motion to Amend Petition and the Third Amended and Supplement Petition to be filed in the captioned matter. As required, the original document will be forwarded for filing within five (5) days along with a check for all costs associated with this filing. Please send a confirmation with filing fees and service fees due.

    Thank you for your assistance

257383v.1

MAY-06-2009  17:19                                                    P.01

IMAGED MAY 19 '09

Filed By: **FAX**

Date: _5-6-09_

Time: _5:19 pm_

Deputy Clerk: _Susan Wiehl_

(see attached log)

## 24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 667443

DIVISION "C"

**P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST, THE BOLYARD FAMILY INSURANCE TRUST, MARGARET CANDON, KAREN DAVIS VIX, BARBARA DAVIS GRANT AND CHARLES FREDERICK DAVIS, JR.**

versus

**JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI, STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC., RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE, OMNI BANCSHARES, INC., OMNI BANK, CHARLES SCHWAB & CO., INC., TAMARA RILEY, ABC INSURANCE COMPANY and XYZ INSURANCE COMPANY**

FILED:_____          _____

                                                        DEPUTY CLERK

### MOTION TO AMEND PETITION

NOW INTO COURT, through undersigned counsel, come Plaintiffs P.K. Scheerle, Bruce Bolyard, The Bolyard Children's Trust, The Bolyard Family Insurance Trust, Margaret Candon, Karen Davis Vix, Barbara Davis Grant and Charles Frederick Davis, Jr., who hereby submit the attached Third Amended and Supplemental Petition and request the Court to enter an order permitting Plaintiffs to file their Third Amended and Supplemental Petition.

Plaintiffs respectfully request leave of this Court to amend and supplement their petition to add defendant Omni Bank, which operates as a subsidiary of defendant Omni Bancshares, Inc., and to include additional allegations against Omni Bancshares, Inc. Omni Bancshares, Inc. has not served an answer in this action. Defendants Randolph Waesche, Michael Zabalaoui and Resource Management, Inc. are the only defendants to have filed an answer in this action. Counsel for those defendants does not object to the proposed amended and supplemental petition. Plaintiffs do not believe that leave of the Court is necessary for amendment in this instance, where the amendment relates to a defendant who has not answered and the defendant

INTERWOVEN 268949v1

who has answered consents to the amendment. *See, Montgomery v. Red Ball Motor Freight, Inc.*, 245 So.2d 443, 445-46 (La. App. 2d Cir. 1971). Out of an abundance of caution, however, Plaintiffs seek leave of this Court, in accordance with LA. CODE. CIV. PROC. art. 1151, to file the attached Third Amended and Supplemental Petition.

Therefore, Plaintiffs respectfully request that this Court enter an order allowing it to file this Third Amended and Supplemental Petition.

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
BENJAMIN D. REICHARD, #31933
FISHMAN HAYGOOD PHELPS
WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
*Attorneys for Plaintiffs*

## CERTIFICATE

I hereby certify that a copy of the foregoing Motion to Amend Petition and Third Amended and Supplemental Petition has been served upon all counsel of record by facsimile or U.S. Mail postage prepaid, this 6th day of May, 2009.

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 667443

DIVISION "C"

P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST, MARGARET CANDON,
KAREN DAVIS VIX, BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS, JR.

versus

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI,
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., OMNI BANK,
CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY
and XYZ INSURANCE COMPANY

FILED:_____          _____

DEPUTY CLERK

ORDER

The foregoing Motion having been considered;

IT IS ORDERED that Plaintiffs P.K. Scheerle, Bruce Bolyard, The Bolyard Children's

Trust, The Bolyard Family Insurance Trust, Margaret Candon, Karen Davis Vix, Barbara Davis

Grant and Charles Frederick Davis, Jr., be allowed to file their Third Amended and

Supplemental Petition in this matter.

Gretna , Louisiana, this _____ day of _____, 2009.

_____

JUDGE

INTERWOVEN 268949v1

IMAGED MAY 1 9 '09

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 667443

DIVISION: "C"

P. K. SCHEERLE, BRUCE BOLYARD,
THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST,
MARGARET CANDON, KAREN DAVIS VIX,
BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS, JR.

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., OMNI BANK, CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY AND
XYZ INSURANCE COMPANY

FILED:_____          _____
                                          DEPUTY CLERK

## THIRD AMENDED AND SUPPLEMENTAL PETITION

The Third Amended and Supplemental Petition of P. K. Scheerle, Bruce Bolyard, the Bolyard Children's Trust, the Bolyard Family Insurance Trust and Margaret Candon, Karen Davis Vix, Barbara Davis Grant and Charles Frederick Grant, Jr., re-states all factual allegations and legal assertions raised in Paragraphs 1-39 of the original petition filed on December 8, 2008, the first amended and supplemental petition filed on January 23, 2009, the second amended and supplemental petition filed on February 23, 2009 and amends and supplements those petitions to replace and add the paragraphs that follow:[1]

5(a).

---

[1]  Paragraphs not altered remain as previously written and filed.

**IMAGED** MAY 1 9 '09

Also made Defendant in this case is Omni Bank, which operates as a subsidiary of Defendant Omni Bancshares, Inc., and which has its principal office in Jefferson Parish, Louisiana. Together, Defendants Omni Bank and Omni Bancshares (collectively, "Omni") operate as a single business enterprise.

35(a).

Omni Bancshares, Inc. and its officers and board of directors knew of and approved of the anomalous actions occurring in accounts at Omni Bank, its wholly-owned subsidiary. Omni Bancshares is therefore liable for the actions of Omni Bank and its employees.

35(b).

Omni Bancshares and its officers and directors owed a duty to the Plaintiffs to exercise adequate supervisory authority over the activities of its wholly-owned subsidiary, Omni Bank, and Omni Bank's employees. Omni Bancshares failed to observe its duty to the Plaintiff.

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
BENJAMIN D. REICHARD, #31933
FISHMAN HAYGOOD PHELPS
 WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
*Attorneys for Plaintiffs*

**PLEASE SERVE:**
OMNI BANK
Via its Registered Agent for Service of Process:
James M. Hudson
2900 Ridgelake Drive
Metairie, LA 70002-4932

**PLEASE SERVE:**
CITIGROUP GLOBAL MARKETS, INC.
Via its Registered Agent for Service of Process:
C.T. Corporation System
5615 Corporate Blvd. Suite 400B
Baton Rouge, Louisiana 70808

268986v.1

IMAGED MAY 19 '09

DATE MAY-07-2009 THU TIME 08:33 ** P.05

| NO. | COMM. | PAGES | FILE | DURATION | X/R | IDENTIFICATION | DATE | TIME | DIAGNOSTIC |
|-----|-------|-------|------|----------|-----|----------------|------|------|------------|
| 051 | BUSY | 000/001 | 532 | 00:00:00 | XMT | ¤ 91257610731 | MAY-06 | 16:40 | 0000000000000 |
| 052 | BUSY | 000/001 | 533 | 00:00:00 | XMT | ¤ 919858710B2 | MAY-06 | 16:40 | 0000000000000 |
| 053 | OK | 001/001 | 538 | 00:00:37 | XMT | ¤ 912257610731 | MAY-06 | 16:42 | C00FA2009A070 |
| 054 | OK | 001/001 | 539 | 00:00:37 | XMT | ¤ 919858710082 | MAY-06 | 16:43 | 010FA2000B070 |
| 055 | OK | 002 | 540 | 00:01:10 | RCV | 504 593 9921 | MAY-06 | 16:52 | 0500C00001070 |
| 056 | OK | 006 | 541 | 00:01:39 | RCV | | MAY-06 | 17:18 | 0507C0000A070 |
| 057 | OK | 001 | 542 | 00:00:37 | RCV | 361 4621 | MAY-07 | 07:25 | 0507C00008070 |
| 058 | OK | 001 | 543 | 00:00:30 | RCV | 5043626355 | MAY-07 | 07:46 | C407C0009A070 |

-CLERK OF COURT      -

***** UF-9000 v4 ******************* -CLERK OF COURT  - ***** -      504 364 3780- *********

IMAGED MAY 1 9 '09

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 667443                                              DIVISION "C"

P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST, MARGARET CANDON,
KAREN DAVIS VIX, BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS, JR.

versus

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI,
STEVEN E. COWAN, CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., RANDOLPH WAESCHE,
OMNI BANCSHARES, INC., OMNI BANK,
CHARLES SCHWAB & CO., INC.,
TAMARA RILEY, ABC INSURANCE COMPANY
and XYZ INSURANCE COMPANY

FILED:_____      _____
                                                  DEPUTY CLERK

## O R D E R

The foregoing Motion having been considered;

IT IS ORDERED that Plaintiffs P.K. Scheerle, Bruce Bolyard, The Bolyard Children's

Trust, The Bolyard Family Insurance Trust, Margaret Candon, Karen Davis Vix, Barbara Davis

Grant and Charles Frederick Davis, Jr., be allowed to file their Third Amended and

Supplemental Petition in this matter.

Gretna , Louisiana, this _12th_ day of _MAy_____, 2009.

_____
                                    JUDGE

**IMAGED** MAY 1 9 '09

INTERWOVEN 268949v1

667.443

FILED



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO:   08-12562

DIVISION: N-8

P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST, THE BOLYARD FAMILY INSURANCE TRUST, MARGARET CANDON, KAREN DAVIS VIX, BARBARA DAVIS GRANT AND CHARLES FREDERICK DAVIS, JR.



VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI, RANDOLPH WAESCHE, TAMARA RILEY, STEVEN E. COWAN, OMNI BANK, OMNI BANCSHARES, INC., CITIGROUP GLOBAL MARKETS, INC., RESOURCE MANAGEMENT, INC., EVANSTON INSURANCE COMPANY, AND ABC INSURANCE COMPANY

FILED:_____         _____
                                        DEPUTY CLERK

## MOTION TO AMEND PETITION

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs P.K. Scheerle, Bruce Bolyard, The Bolyard Children's Trust, The Bolyard Family Insurance Trust, Margaret Candon, Karen Davis Vix, Barbara Davis Grant and Charles Frederick Davis, Jr., who hereby submit the attached Fourth Amended and Supplemental Petition and request the Court to enter an order permitting Plaintiffs to file their Fourth Amended and Supplemental Petition.

Plaintiffs respectfully request leave of this Court to amend and supplement their petition to add Defendant Evanston Insurance Company, which was nominally made defendant in Plaintiffs' original petition at Paragraph 5(l), and which subsequent discovery has revealed as the liability insurer for Defendant Resource Management, Inc. Plaintiffs seek leave of this Court, in accordance with LA. CODE CIV. PROC. art. 1151, to file the attached Fourth Amended and Supplemental Petition and to have the Original and all Supplemental and Amended Petitions certified for long-arm service on Defendant Evanston Insurance Company.

Therefore, Plaintiffs respectfully request that this Court enter an order allowing it to file this Fourth Amended and Supplemental Petition.

VERIFIED

Cynthia Strombos
Deputy Clerk

2-17-10

301980v.1

EXHIBIT
5
(*in globo*)

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
BENJAMIN D. REICHARD, #31933
FISHMAN HAYGOOD PHELPS
  WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
*Attorneys for Plaintiffs*

# C E R T I F I C A T E

I hereby certify that a copy of the foregoing Motion to Amend Petition and Third

Amended and Supplemental Petition has been served upon all counsel of record by facsimile or

U.S. Mail postage prepaid, this 4th day of February, 2010.




**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO:   08-12562

DIVISION: N-8

**P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST, THE BOLYARD FAMILY INSURANCE TRUST, MARGARET CANDON, KAREN DAVIS VIX, BARBARA DAVIS GRANT AND CHARLES FREDERICK DAVIS, JR.**

**VERSUS**

**JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI, RANDOLPH WAESCHE, TAMARA RILEY, STEVEN E. COWAN, OMNI BANK, OMNI BANCSHARES, INC., CITIGROUP GLOBAL MARKETS, INC., RESOURCE MANAGEMENT, INC., EVANSTON INSURANCE COMPANY, AND ABC INSURANCE COMPANY**

FILED:_____        _____
                                          DEPUTY CLERK

**O R D E R**

The foregoing Motion having been considered;

**IT IS ORDERED** that Plaintiffs P.K. Scheerle, Bruce Bolyard, The Bolyard Children's Trust, The Bolyard Family Insurance Trust, Margaret Candon, Karen Davis Vix, Barbara Davis Grant and Charles Frederick Davis, Jr., be allowed to file their Fourth Amended and Supplemental Petition in this matter.

New Orleans, Louisiana, this _10_ day of _February_, 2010.

_____
                J U D G E

ENTERED ON MINUTES
FEB 12 2010

301980v.1

FILED

 

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO:  08-12562                                                    DIVISION: N-8

**P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST,**
**THE BOLYARD FAMILY INSURANCE TRUST, MARGARET CANDON,**
**KAREN DAVIS VIX, BARBARA DAVIS GRANT AND**
**CHARLES FREDERICK DAVIS, JR.**

### VERSUS

**JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI,**
**RANDOLPH WAESCHE, TAMARA RILEY, STEVEN E. COWAN, OMNI BANK,**
**OMNI BANCSHARES, INC., CITIGROUP GLOBAL MARKETS, INC.,**
**RESOURCE MANAGEMENT, INC., EVANSTON INSURANCE COMPANY, AND**
**ABC INSURANCE COMPANY**

FILED:_____                    _____
                                                            DEPUTY CLERK

### FOURTH AMENDED AND SUPPLEMENTAL PETITION

The Fourth Amended and Supplemental Petition of P. K. Scheerle, Bruce Bolyard, the Bolyard Children's Trust, the Bolyard Family Insurance Trust, Margaret Candon, Karen Davis Vix, Barbara Davis Grant and Charles Frederick Grant, Jr., re-states all factual allegations and legal assertions raised in Paragraphs 1-39 of the original petition filed on December 8, 2008, the first amended and supplemental petition filed on January 23, 2009, the second amended and supplemental petition filed on February 23, 2009, the third amended and supplemental petition filed on May 12, 2009 and amends and supplements those petitions to replace and add the paragraphs that follow:[1]

5.

1). Evanston Insurance Company an Illinois Corporation with its principal place of business located in Deerfield, Illinois, insuring Resource Management, Inc. and its principals. Evanston Insurance Company may be served, via its service of suit clause, through: President, The Cambridge Alliance, LLC, 20 Joy Drive, So. Burlington, Vermont 05403.

VERIFIED
Cynthia Strombee
Deputy Clerk

---

[1]        Paragraphs not altered remain as previously written and filed.

16(a).

Evanston Insurance Company provided liability insurance to Resource Management, Inc., and its principals. Further, the insurance that Evanston Insurance Company issued to Resource Management, Inc. provides coverage for damages caused to Plaintiffs caused by the acts and omissions of Resource Management, Inc. and its principals.

## PRAYER FOR RELIEF

Plaintiffs demand a trial by jury of all issues.

**WHEREFORE**, Plaintiffs pray that after all due proceedings had, the Court:

(1) Annul, rescind and set aside the contract for transfer of stock from Judith Zabalaoui to Michael Zabalaoui, executed during or after December 2005;

(2) Require the Defendants to provide an accounting for Plaintiff assets managed by the Defendants, or in the custody or control of Defendants;

(3) Preserve and protect the assets association with the wrongfully-transferred stock for the benefit of the Plaintiffs;

(4) Award the Plaintiffs, *in solido* against the Defendants, all of the damages (as discussed more fully in the First through Fifth Causes of Action) resulting from the conduct and transactions outlined above;

(5) Award the Plaintiffs, *in solido* against the Defendants, attorneys' fees, costs and other expenses;

(6) Award the Plaintiffs, *in solido* against the Defendants, both pre-judgment and post-judgment interest;

(7) Award the Plaintiffs, *in solido* against the Defendants, all costs; and

(8) Award the Plaintiffs, *in solido* against the Defendants, all other sums they are entitled to at law or equity.

Respectfully submitted,

JAMES R. SWANSON, #18
JOSEPH C. PEIFFER, #26459
BENJAMIN D. REICHARD, #31933
FISHMAN HAYGOOD PHELPS
   WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170-4600
Telephone:  (504) 586-5252
*Attorneys for Plaintiffs*

**PLEASE CERTIFY FOR SERVICE VIA LOUISIANA LONG-ARM STATUTE:**
President
The Cambridge Alliance, LLC
20 Joy Drive
So. Burlington, VT 05403

## Certificate of Service

I hereby certify that a copy of the foregoing has been served upon all counsel of record,

by hand, by telefax, or by mailing it, first class, properly addressed and postage prepaid, this

4th day of February, 2010.

3

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 667443                                          DIVISION "O"

P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST, MARGARET CANDON,
KAREN DAVIS VIX, BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS, JR.

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI,
RANDOLPH WAESCHE, TAMARA RILEY, STEVEN E. COWAN, OMNI BANK,
OMNI BANCSHARES, INC., CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., EVANSTON INSURANCE COMPANY, AND
ABC INSURANCE COMPANY

FILED:_____        _____
                                              DEPUTY CLERK

## MOTION TO AMEND PETITION

NOW INTO COURT, through undersigned counsel, come Plaintiffs P.K. Scheerle,

Bruce Bolyard, The Bolyard Children's Trust, The Bolyard Family Insurance Trust, Margaret

Candon, Karen Davis Vix, Barbara Davis Grant and Charles Frederick Davis, Jr., who hereby

submit the attached Fourth Amended and Supplemental Petition and request the Court to enter an

order permitting Plaintiffs to file their Fourth Amended and Supplemental Petition.

Plaintiffs respectfully request leave of this Court to amend and supplement their petition

to add Defendant Evanston Insurance Company, which was nominally made defendant in

Plaintiffs' original petition at Paragraph 5(l), and which subsequent discovery has revealed as the

liability insurer for Defendant Resource Management, Inc. Plaintiffs seek leave of this Court, in

accordance with LA. CODE CIV. PROC. art. 1151, to file the attached Fourth Amended and

Supplemental Petition and to have the Original and all Supplemental and Amended Petitions

certified for long-arm service on Defendant Evanston Insurance Company.

Therefore, Plaintiffs respectfully request that this Court enter an order allowing it to file

this Fourth Amended and Supplemental Petition.

IMAGED FEB 2 4 2010

ISSUED _____

FEB 2 3 2010

DATE _____

301993v.1

Respectfully submitted,

_____
JAMES R. SWANSON, #18455
JOSEPH C. PEIFER, #26459
BENJAMIN D. REICHARD, #31933
FISHMAN HAYGOOD PHELPS
  WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
*Attorneys for Plaintiffs*

## C E R T I F I C A T E

I hereby certify that a copy of the foregoing Motion to Amend Petition and Third
Amended and Supplemental Petition has been served upon all counsel of record by facsimile or
U.S. Mail postage prepaid, this 4th day of February, 2010.

_____

IMAGED FEB 2 4 2010

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 667443                                                DIVISION: C

P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST,
THE BOLYARD FAMILY INSURANCE TRUST, MARGARET CANDON,
KAREN DAVIS VIX, BARBARA DAVIS GRANT AND
CHARLES FREDERICK DAVIS, JR.

VERSUS

JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI,
RANDOLPH WAESCHE, TAMARA RILEY, STEVEN E. COWAN, OMNI BANK,
OMNI BANCSHARES, INC., CITIGROUP GLOBAL MARKETS, INC.,
RESOURCE MANAGEMENT, INC., EVANSTON INSURANCE COMPANY, AND
ABC INSURANCE COMPANY

FILED:_____

                                        _____
                                        DEPUTY CLERK

## O R D E R

The foregoing Motion having been considered;

**IT IS ORDERED** that Plaintiffs P.K. Scheerle, Bruce Bolyard, The Bolyard Children's

Trust, The Bolyard Family Insurance Trust, Margaret Candon, Karen Davis Vix, Barbara Davis

Grant and Charles Frederick Davis, Jr., be allowed to file their Fourth Amended and

Supplemental Petition in this matter.

New Orleans, Louisiana, this 12 day of _February_, 2010.

                                        _____
                                                  JUDGE

IMAGED FEB 2 4 2010

301993v.1



## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO: 667443

DIVISION: C

### P. K. SCHEERLE, BRUCE BOLYARD, THE BOLYARD CHILDREN'S TRUST, THE BOLYARD FAMILY INSURANCE TRUST, MARGARET CANDON, KAREN DAVIS VIX, BARBARA DAVIS GRANT AND CHARLES FREDERICK DAVIS, JR.

### VERSUS

### JUDITH ZABALAOUI, NASH ZABALAOUI, MICHAEL ZABALAOUI, RANDOLPH WAESCHE, TAMARA RILEY, STEVEN E. COWAN, OMNI BANK, OMNI BANCSHARES, INC., CITIGROUP GLOBAL MARKETS, INC., RESOURCE MANAGEMENT, INC., EVANSTON INSURANCE COMPANY, AND ABC INSURANCE COMPANY

FILED:_____

_____
DEPUTY CLERK

### FOURTH AMENDED AND SUPPLEMENTAL PETITION

The Fourth Amended and Supplemental Petition of P. K. Scheerle, Bruce Bolyard, the Bolyard Children's Trust, the Bolyard Family Insurance Trust, Margaret Candon, Karen Davis Vix, Barbara Davis Grant and Charles Frederick Grant, Jr., re-states all factual allegations and legal assertions raised in Paragraphs 1-39 of the original petition filed on December 8, 2008, the first amended and supplemental petition filed on January 23, 2009, the second amended and supplemental petition filed on February 23, 2009, the third amended and supplemental petition filed on May 12, 2009 and amends and supplements those petitions to replace and add the paragraphs that follow:[1]

5.

I). Evanston Insurance Company an Illinois Corporation with its principal place of business located in Deerfield, Illinois, insuring Resource Management, Inc. and its principals. Evanston Insurance Company may be served, via its service of suit clause, through: President, The Cambridge Alliance, LLC, 20 Joy Drive, So. Burlington, Vermont 05403.

---

[1] Paragraphs not altered remain as previously written and filed.

1

IMAGED FEB 2 4 2010

16(a).

Evanston Insurance Company provided liability insurance to Resource Management, Inc., and its principals. Further, the insurance that Evanston Insurance Company issued to Resource Management, Inc. provides coverage for damages caused to Plaintiffs caused by the acts and omissions of Resource Management, Inc. and its principals.

## PRAYER FOR RELIEF

Plaintiffs demand a trial by jury of all issues.

**WHEREFORE**, Plaintiffs pray that after all due proceedings had, the Court:

(1)   Annul, rescind and set aside the contract for transfer of stock from Judith Zabalaoui to Michael Zabalaoui, executed during or after December 2005;

(2)   Require the Defendants to provide an accounting for Plaintiff assets managed by the Defendants, or in the custody or control of Defendants;

(3)   Preserve and protect the assets association with the wrongfully-transferred stock for the benefit of the Plaintiffs;

(4)   Award the Plaintiffs, *in solido* against the Defendants, all of the damages (as discussed more fully in the First through Fifth Causes of Action) resulting from the conduct and transactions outlined above;

(5)   Award the Plaintiffs, *in solido* against the Defendants, attorneys' fees, costs and other expenses;

(6)   Award the Plaintiffs, *in solido* against the Defendants, both pre-judgment and post-judgment interest;

(7)   Award the Plaintiffs, *in solido* against the Defendants, all costs; and

(8)   Award the Plaintiffs, *in solido* against the Defendants, all other sums they are entitled to at law or equity.

IMAGED FEB 24 2010

2

(ac)-443

Respectfully submitted,

JAMES R. SWANSON, #18455
JOSEPH C. PEIFFER, #26459
BENJAMIN D. REICHARD, #31933
FISHMAN HAYGOOD PHELPS
  WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
*Attorneys for Plaintiffs*

**PLEASE CERTIFY FOR SERVICE VIA LOUISIANA LONG-ARM STATUTE:**
President
The Cambridge Alliance, LLC
20 Joy Drive
So. Burlington, VT 05403

### Certificate of Service

I hereby certify that a copy of the foregoing has been served upon all counsel of record,

by hand, by telefax, or by mailing it, first class, properly addressed and postage prepaid, this

4th day of February, 2010.

3

IMAGED FEB 2 4 2010

301994v.1

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.:  667443                                                DIVISION: C

P.K. SCHEERLE, ET AL.

VERSUS

JUDITH ZABALAOUI, ET AL.

FILED:_____

_____
DEPUTY CLERK

### EVANSTON INSURANCE COMPANY'S EXCEPTION, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION, FIRST AMENDED AND SUPPLEMENTAL PETITION, SECOND AMENDED AND SUPPLEMENTAL PETITION, THIRD AMENDED AND SUPPLEMENTAL PETITION, AND FOURTH AMENDED AND SUPPLEMENTAL PETITION

NOW INTO COURT, through undersigned counsel, comes defendant Evanston Insurance Company ("Evanston") and respectfully submits this its Exception, Answer and Affirmative Defenses to Plaintiffs' Original Petition and First, Second, Third and Fourth Amended and Supplemental Petitions, and in support, pleads and avers as follows.

### EXCEPTION OF INSUFFICIENCY OF SERVICE

Evanston excepts to the Original Petition and the First, Second, Third and Fourth Amended and Supplemental Petitions pursuant to Louisiana Code of Civil Procedure Article 925A.(2) on the ground of insufficiency of service of process.

### ANSWER TO ORIGINAL PETITION

1.

Paragraphs 1 through 39 of the Original Petition make no allegations against Evanston and no response from Evanston is required.  To the extent a response may be deemed to be required, Evanston lacks sufficient information to form a belief as to the truth or falsity of such allegations and, on that basis, denies each and every such allegation.

2.

In response to Plaintiffs' un-numbered Prayer for Relief of the Original

EXHIBIT
6

Petition, Evanston denies that Plaintiffs are entitled to the relief sought, or to any relief whatsoever from Evanston.

## ANSWER TO FIRST AMENDED AND SUPPLEMENTAL PETITION

3.

Evanston re-avers and incorporates herein by this reference its responses to the Original Petition as though set forth herein in full.

4.

Paragraphs 18(a) and 18(b) of the First Amended and Supplemental Petition make no allegations against Evanston, and no response from Evanston is required.  To the extent a response may be deemed to be required, Evanston lacks sufficient information to form a belief as to the truth or falsity of such allegations and, on that basis, denies each and every such allegation.

5.

In response to Plaintiffs' un-numbered Prayer for Relief of the First Amended and Supplemental Petition, Evanston denies that Plaintiffs are entitled to the relief they seek, or to any relief whatsoever from Evanston.

## ANSWER TO SECOND AMENDED AND SUPPLEMENTAL PETITION

6.

Evanston re-avers and incorporates herein by this reference its responses to the Original Petition and the First Amended and Supplemental Petition as though set forth herein in full.

7.

Paragraphs 1, 2, 2(a), 6(a), 7(a), 8, 8(a), 9, 11, 11(a), 11(b), 11(c),12, 13, 13(a), 14, 15, 15(a), 16, 17, 19, 22, 22(a), 22(b), 23, 24, 25, 27, 28, 31, 31(a), 31(b), 31(c), 31(d), 31(e), 31(f), 31(g), 31(h), 31(I), 34, 35, 36, 37, and 38 of the Second Amended and Supplemental Petition make no allegations against Evanston and no response from Evanston is required.  To the extent a response may be deemed to be required, Evanston lacks sufficient information to form a belief as to the truth or falsity of such allegations and, on that basis, denies each and every such allegation.

8.

In response to Plaintiffs' un-numbered Prayer for Relief of the Second Amended and Supplemental Petition, Evanston denies that Plaintiffs are entitled to the relief they seek, or to any relief whatsoever from Evanston.

## ANSWER TO THIRD AMENDED AND SUPPLEMENTAL PETITION

9.

Evanston re-avers and incorporates herein by this reference its responses to the Original Petition, the First Amended and Supplemental Petition and the Second Amended and Supplemental Petition as though set forth herein in full.

10.

Paragraphs 5(a), 35(a) and 35(b) of the Third Amended and Supplemental Petition make no allegations against Evanston, and no response from Evanston is required.  To the extent a response may be deemed to be required, Evanston lacks sufficient information to form a belief as to the truth or falsity of such allegations and, on that basis, denies each and every such allegation.

11.

The Third Amended and Supplemental Petition does not contain a Prayer for Relief.  To the extent that relief may be deemed to have been prayed for in the Third Amended and Supplemental Petition, Evanston denies that Plaintiffs are entitled to the relief deemed to have been sought, or to any relief whatsoever from Evanston.

## ANSWER TO FOURTH AMENDED AND SUPPLEMENTAL PETITION

12.

Evanston re-avers and incorporates herein by this reference its responses to the Original Petition, the First Amended and Supplemental Petition, the Second Amended and Supplemental Petition, and the Third Amended and Supplemental Petition as if set forth herein in full.

13.

In response to Paragraph 5 of the Fourth Amended and Supplemental Petition, Evanston admits that it is an insurance company incorporated under the laws of the State of Illinois and with its principal place of business in Illinois.  Evanston denies

-3-

each and every other and further allegation of paragraph 5 of the Fourth Amended and Supplemental Petition.

14.

In response to Paragraph 16(a) of the Fourth Amended and Supplemental Petition, Evanston admits that it issued Financial Advisors Professional Liability Insurance Policy no. FP-80712A to Resource Management, Inc. for the period February 25, 2008 to February 25, 2009 (the "Policy"). Evanston denies each and every other and further allegation of Paragraph 16(a) of the Fourth Amended and Supplemental Petition.

15.

In response to Plaintiffs' un-numbered Prayer for Relief of the Fourth Amended and Supplemental Petition, Evanston denies that Plaintiffs are entitled to the relief they seek, or to any relief whatsoever from Evanston.

## AFFIRMATIVE DEFENSES

AND NOW, as and for its Affirmative Defenses to the Original Petition and the First, Second, Third and Fourth Amended and Supplemental Petitions, Evanston pleads and avers as follows.

## FIRST DEFENSE

No insurance is afforded, and no recovery from Evanston may be had, to the extent the injury or damage alleged in the Original Petition and the First, Second, Third and Fourth Amended Petitions resulted from the acts of parties not insured under the Evanston policy over which neither Evanston nor its insureds have control and for whom neither Evanston nor its insureds are responsible.

## SECOND DEFENSE

No recovery from Evanston is available to the extent that the claims asserted in the Original Petition and the First, Second, Third and Fourth Amended and Supplemental Petitions have prescribed.

## THIRD DEFENSE

The Policy affords limits of $1,000,000 each claim and $2,000,000 in the aggregate, subject to a $10,000 loss and expense combined deductible. Any recovery

-4-

from Evanston, the entitlement to which is expressly denied, must be limited as set forth in the Policy.

FOURTH DEFENSE

The insuring agreement of the Policy, part 1. COVERAGE, provides in part as follows:

"1. COVERAGE

The Company will pay on behalf of the Insured all sums in excess of the Deductible amount stated in the Declarations which the Insured shall become legally obligated to pay as Damages . . . ."

The Policy defines the term "Damages" as follows:

"4.    'Damages' means a compensatory monetary judgment (including any pre- or post-judgment interest) or settlement negotiated with the approval of the Company, arising from Wrongful Acts in the Insured's rendering of Professional Services for others, provided, however, Damages shall not include: (1) punitive or exemplary damages or any multiplied portions of damages in excess of actual damages including trebling of damages; (2) taxes, criminal or civil fines, or attorneys' fees of a party other than an Insured or other penalties imposed by law; (3) sanctions; (4) matters which are uninsurable under the law pursuant to which this policy shall be construed; (5) the value of any Professional Services rendered or expense incurred by the Insured for modification or correction of previous work, as necessitated by a Claim, or any return, withdrawal, or reduction of professional fees; or (6) damages assessed under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C., Section 1961, et seq. Or similar federal or state law."

No insurance is afforded to the extent relief other than monetary damages may be granted, or to the extent that any damages that may be granted are not included in the foregoing definition.

FIFTH DEFENSE

Under the terms of the Policy's insuring agreement, in order to be covered, damages must result from a Claim first made against the Insured during the Policy Period or the Extended Reporting Period, if applicable, or within sixty (60) days after the expiration of the Policy Period or Extended Reporting Period, if applicable, as a result of a Wrongful Act by the Insured or someone for whose acts the Insured is legally responsible.  The term "Claim" is defined as follows:

"2.    'Claim' means the Insured's receipt of:

a.    a demand for Damages made on the Insured arising out of a Wrongful Act which is specifically within the scope of coverage as set forth elsewhere in this policy; or

-5-

> b.  a notice of an investigation of violation(s) of law or regulation initiated by any governmental body or self regulatory organization, but only if a Claim arises out of a Wrongful Act which is specifically within the scope of coverage as set forth elsewhere in this policy; or
>
> c.  a notice of a proceeding commenced by the filing of a notice of charges, or formal investigative order or similar document, but only if a Claim arises out of a Wrongful Act which is specifically within the scope of coverage as set forth elsewhere in this policy."

The term "Wrongful Act" is defined as:

> "28.  'Wrongful Act' means any actual or alleged act, error, omission or breach of duty in the rendering or failure to render Professional Services."

No insurance is afforded, and no recovery from Evanston may be had, to the extent that the claims asserted do not constitute Claims arising out of Wrongful Acts as defined in the Policy.

## SIXTH DEFENSE

The Policy states that coverage is afforded as set forth in the insuring agreement, "provided that prior to the effective date of this policy the Insured did not know or could not have reasonably foreseen that such Wrongful Act might give rise to a Claim."  To the extent that any insured under the Policy knew, or reasonably could have foreseen, prior to the effective date of the Policy, that a Wrongful Act might give rise to a Claim, no insurance is afforded and no recovery from Evanston may be had.

## SEVENTH DEFENSE

The Policy's insuring agreement further states:

> "This policy shall only apply to Claims resulting from a Wrongful Act or Interrelated Wrongful Acts which take place in their entirety on or after the Retroactive Date."

The phrase "Interrelated Wrongful Acts" is defined as follows:

> "13.  'Interrelated Wrongful Act' means Wrongful Acts that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes."

The Retroactive Date of the Policy is February 25, 2000.  No insurance is afforded, and no recovery from Evanston may be had, to the extent the acts or omissions alleged in the Original Petition and the First, Second, Third and Fourth Amended and Supplemental Petitions did not take place in their entirety on or after February 25, 2000.

-6-

## EIGHTH DEFENSE

The Policy defines the term "Insured" as follows:

"12.   'Insured' means:

a.   The Named Insured stated in Item 1. of the Declarations;

b.   Any Predecessor In Interest;

c.   Any person who is, was, or hereafter becomes a partner, principal, officer, director or employee of the Named Insured, but only for Professional Services rendered on behalf of the Named Insured or Predecessor In Interest, during such time such person is a partner, principal, officer, director or employee of the Named Insured or Predecessor In Interest;

d.   If the Named Insured stated in Item 1. of the Declarations is a limited liability company, any past or current manager thereof, but only for Professional Services rendered on behalf of the Named Insured or Predecessor In Interest and within the scope of their duties as manager of such limited liability company and any past or current member thereof, but only for Professional Services rendered on behalf of the Named Insured or Predecessor In Interest and within the scope of their duties as a member of such limited liability company;

e.   Any person who is, was, or hereafter becomes the appointed Chief Compliance Officer pursuant to Rule 206(4)-7 of the Investment Advisors Act of 1940 solely while acting in such a capacity for the Named Insured or Predecessor In Interest;

f.   Any individual professional or professional organization while rendering Professional Services on behalf of or under contract with the Named Insured; provided that any such individual or organization shall be an Insured only if listed on the application for this policy and specifically endorsement by name onto this policy;

g.   The estate, heirs, executors, administrators, and legal representatives of each Insured hereinabove, in the event of death, disability, incapacity, insolvency or bankruptcy of such Insured, but only with respect to liability arising out of Professional Services rendered on behalf of the Named Insured or Predecessor In Interest, prior to such Insured's death, disability, incapability, insolvency, or bankruptcy, and only to the extent such Insured would have otherwise been provided coverage under this policy; and

h.   The lawful spouse of any Insured hereinabove, but only to the extent that such person is a party to a Claim solely in that person's capacity as a spouse of an Insured hereinabove and only with respect to any Claim which seeks Damages recoverable from marital community property, property jointly held by such Insured and their spouse, or property transferred from such Insured to their spouse."

No insurance is afforded, and no recovery from Evanston may be had, to the extent that any defendant herein against whom fault may be assessed does not qualify as an

insured under the foregoing definition.

## NINTH DEFENSE

The Policy applies only to claims arising out of wrongful acts committed in the rendering or failure to render professional services by an insured. The term "Professional Services" is defined as follows:

> "22. 'Professional Services' means services rendered for or advice given to others by the Insured for a fee, remuneration or other consideration in the Insured's practice as a Financial Advisor. . . ."

No insurance is afforded, and no recovery from Evanston may be had, to the extent the wrongdoing alleged in the Original Petition and the First, Second, Third and Fourth Amended and Supplemental Petitions are not within the scope of, and / or did not take place in the course of, an insured's practice as a Financial Advisor.

## TENTH DEFENSE

The Policy provides, as to claims expenses, as follows:

> "a. Claims Expenses incurred in defending and investigating such Claim shall be part of and shall not be in addition to the Limits of Liability stated in Item 3. of the Declarations. Such Claims Expenses shall reduce the Limits of Liability and shall be applied against the Deductible. The Company shall have no obligation to pay any Damages or to defend or continue to defend any Claim or to pay Claims Expenses after the Limits of Liability as stated in Item 3. of the Declarations have been exhausted by payment(s) of Damages and / or Claims Expenses."

Any recovery from Evanston, the entitlement to which is expressly denied, must or may be reduced or eliminated under the foregoing provision.

## ELEVENTH DEFENSE

Exclusion 1. of the Policy provides that the Policy "does not apply to, and [Evanston] shall not be liable for, Damages or Claims Expenses resulting from Claims made against an Insured for, based upon, arising from, attributable to, related to, or in any way involving, directly or indirectly:"

> "1. any intentional wrongdoing, fraud, dishonesty, criminal or malicious Wrongful Act or the gaining in fact of any personal profit, remuneration or advantage to which the Insured is not legally entitled, including but not limited to, any profit or advantage as a result of commingling funds or accounts. This exclusion shall not apply to an Insured if the Insured was unaware of such misconduct and, with the exercise of reasonable care, could not have been aware of such misconduct."

No insurance is afforded, and no recovery from Evanston may be had, to the extent this exclusion precludes coverage.

## TWELFTH DEFENSE

Exclusion 2. of the Policy provides that the Policy "does not apply to, and [Evanston] shall not be liable for, Damages or Claims Expenses resulting from Claims made against an Insured for, based upon, arising from, attributable to, related to, or in any way involving, directly or indirectly:"

> "2.   willful, wanton, or reckless misconduct committed by an Insured or at an Insured's direction which constitutes violation of law or breach of duty."

No insurance is afforded, and no recovery from Evanston may be had, to the extent this exclusion precludes coverage.

## THIRTEENTH DEFENSE

Exclusion 5. of the Policy provides that the Policy "does not apply to, and [Evanston] shall not be liable for, Damages or Claims Expenses resulting from Claims made against an Insured for, based upon, arising from, attributable to, related to, or in any way involving, directly or indirectly:"

> "5.   Personal Injury, bodily injury, sickness, disease, emotional distress, humiliation, mental anguish or illness, outrage, or death of any person, or damage to or destruction of any tangible property including loss of use thereof."

No insurance is afforded, and no recovery from Evanston may be had, to the extent this exclusion precludes coverage.

## FOURTEENTH DEFENSE

Exclusion 9. of the Policy provides that the Policy "does not apply to, and [Evanston] shall not be liable for, Damages or Claims Expenses resulting from Claims made against an Insured for, based upon, arising from, attributable to, related to, or in any way involving, directly or indirectly:"

> "9.   any action brought against an Insured by a person or organization that is not a client or customer of an Insured's or a client's or customer's appointed administrator, executor, receiver, trustee in bankruptcy, beneficiary or heir."

No insurance is afforded, and no recovery from Evanston may be had, to the extent this exclusion precludes coverage.

## FIFTEENTH DEFENSE

Exclusion 23. of the Policy provides that the Policy "does not apply to, and [Evanston] shall not be liable for, Damages or Claims Expenses resulting from Claims

made against an Insured for, based upon, arising from, attributable to, related to, or in any way involving, directly or indirectly:"

> "23.  an Insured's warranties, promises or guarantees, express, implied or otherwise, as to interest rates, fluctuations in interest rates, future premium payments, market values, investment returns or income tax consequences."

No insurance is afforded, and no recovery from Evanston may be had, to the extent this exclusion precludes coverage.

<u>SIXTEENTH DEFENSE</u>

The plaintiffs' action against Evanston cannot be maintained, and no relief from Evanston may be had, to the extent the plaintiffs' action is barred by the doctrine of laches.

<u>SEVENTEENTH DEFENSE</u>

The plaintiffs' action against Evanston cannot be maintained, and no relief from Evanston may be had, to the extent the plaintiffs have come into Court with unclean hands.

<u>EIGHTEENTH DEFENSE</u>

Any recovery against Evanston, the entitlement to which is expressly denied, must be eliminated or reduced to the extent of the comparative fault of the plaintiffs and of other parties or non-parties.

WHEREFORE, Evanston prays that this its Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceedings had, there be judgment in Evanston's favor, dismissing all claims against Evanston with prejudice and at plaintiffs' sole cost, and granting such other and further relief as may be deemed just and proper.

Respectfully submitted,

DEGAN, BLANCHARD & NASH

_Sidney W. Degan, III (No. 4804)_
Sidney W. Degan, III (No. 4804)
James A. Rowell      (No. 21393)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: 504-529-3333
Facsimile:  504-529-3337

Attorneys For Defendant
Evanston Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of April, 2010, I caused a true and correct copy of the foregoing to be served on all counsel of record to these proceedings by placing same in the United States Mail, properly addressed and first class postage prepaid.

180-6508/d/02

-11-

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.:  667443

DIVISION: C

P.K. SCHEERLE, ET AL.

VERSUS

JUDITH ZABALAOUI, ET AL.

FILED:_____          _____
                                                    DEPUTY CLERK

## REQUEST FOR WRITTEN NOTICE

Pursuant to Articles 1572, 1913 and 1914 of the Louisiana Code of Civil Procedure,

the undersigned counsel for Evanston Insurance Company request written notice by mail

at least ten (10) days in advance of all trial dates, dates of arguments or hearings (whether

on merits or otherwise), signing of any final judgment, rendition of any interlocutory orders,

judgments, or decrees and any and all formal steps taken by the parties, the Judge, or any

member of the Court in the above-entitled and numbered cause.

Respectfully submitted,

DEGAN, BLANCHARD & NASH

_____
Sidney W. Degan, III (No. 4804)
James A. Rowell    (No. 21393)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: 504-529-3333
Facsimile:  504-529-3337

Attorneys For Defendant
Evanston Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of April, 2010, I caused a true and
correct copy of the foregoing to be served on all counsel of record to these proceedings
by placing same in the United States Mail, properly addressed and first class postage
prepaid.

_____

L:\180\6508\Doc\03 Req for Not.wpd